## CHOSEWOOD *v.* BYARS.

No. 15703. FEBRUARY 5, 1947.

*A. C. Corbett* and *Carl B. Copeland,* for plaintiff in error.

*Harvey J. Kennedy* and *Haas, Lyons & Hurt,* contra.

WYATT, Justice. ■ In his amended motion for new trial, the plaintiff in error sets out five special grounds. He has argued and insisted upon only three questions. We deal with the case as presented by the plaintiff in error. We think that the questions argued by counsel will decide all legal questions raised.

The first insistence is that the general demurrer should have been sustained, and the plaintiff in the court below should not have recovered, for the reason that the dates for the exercise of the option to purchase had expired under the terms of both of the lease agreements set out in the petition; it being ·contended that the

option to purchase under the first agreement expired March 7, 1943, and the second, December 31, 1942, and that, therefore, the tender of the purchase-price on August 3, 1945, came too late.

It was alleged in the petition that the lessee had remained in possession of the property as tenant at all times up to the date of the tender of the purchase-price, and "the agreement has been extended year by year as provided in said contract." There was evidence to support these allegations.

In *Slater* v. *Kimbro*, 91 *Ga.* 217 (18 S. E. 296, 44 Am. St. R. 19), the contract in question was one for the rental of real estate for one year, with the privilege of two years at an agreed monthly rental. This court there said: "The plaintiff being in possession of the premises under a written contract for one year 'with privilege of two years longer at same agreed rate,' she was not subject to rightful expulsion at the end of the first year as a tenant at will holding over. She was not a tenant at will, and was not holding over, unless she had relinquished or forfeited the 'privilege of two years longer at same agreed rate,' and this, so far as appears, she had not done. On the contrary, by remaining in possession after the year expired, she signified her intention to avail herself of the longer term provided for by the contract. . . It seems to us that merely continuing to occupy would spread the original contract over the two additional years, just as it had previously covered the first year's occupancy, and that any further express contract on the subject would be needless." The case of *Walker* v. *Wadley*, 124 *Ga.* 275 (52 S. E. 904), was one in which there was a contract of rental of land for a term of one year with the provision that the tenant "shall have the option of renting the said plantation for the further term of four years after the completion of the first term" at a stated rental, "and in the event of acceptance of said option, the party of the second part shall have a further option of renting the said plantation for a further term of five years" at a stated rental. This court said: "The lease, the provisions of which appear in the foregoing statement of facts, bound the lessor for the term of ten years, at the election of the lessee. The term was absolute for the first year, and upon the lessee giving the stipulated notice of his acceptance of the option to extend the term four years from January 1, 1901, the lease contract became binding on both parties for that period of time. If there was any irregularity

in giving the notice to Wm. Jones Walker, as agent for the lessor, instead of to the lessor herself, such irregularity was waived by the subsequent recognition on the part of the lessor of the continuance of the lease." See also *Hamby* v. *Georgia Iron & Coal Co.*, 127 *Ga.* 792 (56 S. E. 1033); *Citizens Oil Co.* v. *Head*, 201 *Ga.* 542 (40 S. E. 2d; 559).

In the instant case, the lease agreement provides: "It is understood that this rent agreement may be extended year by year for three additional years at the same price and terms at the option of the undersigned tenant." The jury, under the evidence, was authorized to find that the lease agreement had been so extended. It follows that the tender made on August 3, 1945, did not come too late.

■ It is next insisted by the plaintiff in error that the verdict should be set aside for the reason that the parties on October 5, 1944, entered into a new agreement, by virtue of which the two lease agreements insisted upon by the defendant in error were rescinded and canceled. This alleged contract appears to be signed only by the plaintiff in error. The defendant in error testified: "As to his statement about this new option being drawn in 1944, I didn't know anything about. . . The first time I ever saw this alleged contract or one like it was when you showed it to me. . . I have never had one like that in my possession. I never knew anything about it until I filed this suit." The jury was, of course, authorized to believe this testimony. There is no merit in this contention.

■ The final complaint is that the trial court committed error by giving in charge to the jury the following language: "I instruct you that there is no reason in law why there could not be more than one option contract between the same parties on the same property on different terms." Immediately after making this statement, the trial judge charged that, if the jury believed there was a third contract entered into, as insisted by the defendant in the court below, its effect would be to rescind and cancel the lease agreements insisted upon by the plaintiff, and in that event the defendant should prevail. We fail to see, in view of this further charge and amplification, how the jury could have been confused and led to believe, as contended by the plaintiff in error, that the instructions had the meaning that all of the lease agreements could be in force

and effect at the same time. The charge complained of was not error for the reasons assigned.

It follows, from what has been said above, that there was no error in denying a new trial.

*Judgment affirmed. All the Justices concur.*