S89A0554, S89A0555. KRUSE v. TODD et al. (two cases).
(389 SE2d 488)

PER CURIAM.
These two appeals concern competing claims to the proceeds of an Individual Retirement Account (IRA) and a life insurance policy. Dr. John Todd, who died in September 1986, owned the IRA and the life insurance policy. The designated beneficiary on both the IRA ac-

count and the life insurance policy is Margaret Kruse, the appellant in both appeals. Kruse, Dr. Todd's third wife, claims that she is entitled to the proceeds of the IRA and the life insurance policy because she was the named beneficiary of the IRA and policy at Dr. Todd's death.

### Appeal No. S89A0555. The Life Insurance Policy

The claimants competing with Kruse for the life insurance proceeds are Dr. Todd's estate (which is represented by Dr. Todd's first wife, Dolly Todd); Dr. Todd's three children by his marriage to Dolly Todd; and Confederation Life Insurance Company (Confederation), which issued the policy to Dr. Todd. Appellee Dolly Todd claimed the proceeds as administratrix of Dr. Todd's estate, contending that Kruse's July 1986 divorce settlement agreement with Dr. Todd had operated to release any rights Kruse had as beneficiary of the life insurance policy. Moreover, Dr. Todd's two adult children, and Dolly Todd, as guardian of Dr. Todd's one remaining minor child, claimed a part of the proceeds based upon the terms of a 1974 divorce decree between Dr. Todd and Dolly Todd. Appellee Confederation claimed a part of the proceeds as a setoff for the balance of a loan it had made to Dr. Todd. The trial court granted summary judgment to the appellees, and Kruse now appeals. We affirm in part and reverse in part.

Dr. Todd and Dolly Todd were married in 1958 and divorced in 1974. They had three children — John Lee Todd, Camille Todd, and Jennifer Todd. Dolly and Dr. Todd's 1974 divorce decree incorporated a settlement agreement, Paragraph 3 of which contains the following provisions:

> Husband agrees to maintain his present life insurance program naming as beneficiary of his life insurance a trustee to serve and act for the benefit of [the parties' minor children] in the handling of the life insurance proceeds.

> In addition, Husband agrees to provide all reasonable expenses necessary for a four year college education for each child in the college of said child's choice, so long as the cost of attending such chosen college shall not exceed a cost equivalent to the cost necessary for said child to attend the state-supported college in the state where said child is a resident at the time said child enters college.

> Husband agrees further that to the extent necessary to provide for all covenants contained in this paragraph that this agreement shall be binding upon his estate, his heirs, executors and administrators.

At the time of Dr. Todd's divorce from Dolly, he did not own an individual life insurance policy. However, he was insured under policies issued to his employer, Johnson, Todd and Jernigan, M.D.s, P.A. (Johnson, Todd). These policies had a face value of $200,000. Dr. Todd named Dolly Todd as beneficiary of these policies. In 1981 Dr. Todd left Johnson, Todd, and the policies were either cancelled or surrendered. Dr. Todd and Kruse were married in 1981.

When Dr. Todd obtained new employment in February 1982, he purchased a life insurance policy from his employer. He named Kruse beneficiary of the policy. Dr. Todd cancelled this policy in 1985, after changing employment.

In 1984 Dr. Todd began work at Confederation, and as an employee he received $180,000 in life insurance coverage under a group policy. The Confederation policy provided that Todd could appoint a beneficiary or change a beneficiary by written notice on a form approved by Confederation; the form had to be signed by Dr. Todd and deposited with Confederation. Dr. Todd designated Kruse as beneficiary of the Confederation policy in 1984 and did not change that designation before his death.

Dr. Todd never named any of his children as beneficiary of any life insurance policy, nor did he establish a trust to receive the proceeds of any life insurance policy for the children.

Dr. Todd and Kruse were divorced in July 1986, without having had any children. Kruse's and Dr. Todd's divorce decree incorporated a settlement agreement. Paragraphs 7, 17, and 18 of the agreement contain the following provisions:

> Any stocks, bonds, . . . IRA's or any other monies wherever located presently is [sic] the sole and exclusive property of the designated depositor or named owner or recipient, and the other party shall have no interest therein. [Par. 7.]
>
> . . .
>
> Except as otherwise expressly provided, the parties shall and do mutually remise, release, and forever discharge each other from any and all actions, suits, claims, demands, and obligations whatsoever, both in law and in equity, which each of them ever had, now has, or may hereafter have against the other upon or by reason of any matter, cause, or thing up to the date of the execution of this Agreement. [Par. 17.]
>
> . . .
>
> Except for those rights and claims for which this Agreement provides, . . . and except for the provisions of any valid Last Will and Testament of the other, each party hereby waives and releases his or her respective rights and claims against the other or the estate of the other including,

but not limited to, alimony, division of property, curtesy, year's support, and any rights or claims he or she may have against the other or the estate of the other by reason of the marriage of the parties. [Par. 18.]

As we have previously noted, Dr. Todd died in September 1986. After his death Confederation filed a complaint for interpleader, naming the following defendants: Kruse; Dolly Todd, as administratrix of Todd's estate; Dolly Todd, as guardian of the property of the Todd children; and the Todd children. At the time Confederation filed the complaint two of the Todd children were in their majority — John Lee, who was in medical school, and Camille, who was in college; the other child, Jennifer, was still a minor.

Kruse sought payment of the Confederation policy in accordance with the insurance contract. The estate claimed the proceeds based on the release provisions of the divorce decree between Dr. Todd and Kruse and on equitable principles. The Todd children claimed the proceeds based on the divorce decree between Dr. Todd and Dolly Todd. Confederation sought a resolution of the conflicting claims to the policy, and a setoff from the proceeds for the balance (about $18,000) of a loan it had made to Dr. Todd.

Kruse filed motions for summary judgment against the estate and the Todd children. The estate and the Todd children filed cross-motions for summary judgment against Kruse.

The trial court denied Kruse's motion for summary judgment, and, relying on legal and equitable principles, the court granted the appellees' motions for summary judgment in the following fashion: by awarding Dolly Todd, as guardian of Jennifer Todd, one-third of the life insurance proceeds; by awarding the remaining two-thirds to Dolly Todd, as administratrix of Dr. Todd's estate; by ruling that the other two Todd children have a valid claim against the estate of Dr. Todd in an amount equal to the educational expenses they had incurred in college but which Dr. Todd had not paid, as required under the 1974 divorce decree; and by ruling that Confederation had a valid claim against Dr. Todd's estate for the outstanding balance on the loan and by awarding that amount to Confederation as an equitable setoff against the life insurance proceeds payable to the estate.

Kruse moved for reconsideration of the order, or, in the alternative, to vacate the judgment pending reconsideration. The trial court denied the motion. Kruse appeals both orders. We affirm in part and reverse in part.

1. Kruse contends the trial court erred in granting summary judgment to Dr. Todd's estate. She argues that she did not release her right as beneficiary of the life insurance policy under the terms of the 1986 settlement agreement. We agree.

The meaning of a settlement agreement incorporated into a divorce decree should be determined according to the usual rules governing the construction of contracts. The cardinal rule thereof is to ascertain the intention of the parties. *Cousins v. Cousins*, 253 Ga. 30, 31 (1) (315 SE2d 420) (1984); *Prince v. Prince*, 147 Ga. App. 686, 688 (1) (250 SE2d 21) (1978). If the contract is clear and unambiguous courts will look to it and it alone to determine the intention of the parties. *Prince*, supra, 147 Ga. App. at 688.

In the instant case we find that the agreement expresses no intent that Kruse release her expectancy interest as a beneficiary of Dr. Todd's life insurance policy. First, Kruse's expectancy interest as a beneficiary of the life insurance policy is not addressed by the language of Paragraph 7 of the settlement agreement.

Moreover, we find that it is not encompassed within the language of Paragraph 17 of that agreement, which releases Dr. Todd and Kruse from any claims, actions, or obligations, in law or in equity, each may have against the other "by reason of any matter, cause, or thing up to the date of the execution of this Agreement." Up to the date of execution of the settlement Kruse had no claim or right, in equity or in law, against Dr. Todd, to be named beneficiary of his life insurance policy, and Dr. Todd was under no legal or equitable obligation to maintain Kruse as beneficiary. See *Bowers v. Bowers*, 637 SW2d 456, 457-458 (Tenn. 1982). Any right Kruse may have had to the insurance proceeds arose after Dr. Todd's death. Moreover, Kruse's claim to the proceeds at Dr. Todd's death was not against Dr. Todd but against Confederation. For the foregoing reasons we conclude that Paragraph 17 of the agreement did not operate to release Kruse's expectancy interest as beneficiary. See *Maxwell v. Britt*, 171 Ga. App. 230 (1) (319 SE2d 88) (1984).

Finally, we conclude that any expectancy interest Kruse may have had as beneficiary was not released by virtue of Paragraph 18 of the settlement agreement. That paragraph provides that each party releases the other from any claims or rights "he or she may have against the other or the estate of the other by reason of the marriage of the parties." Kruse's status as a beneficiary of a life insurance policy was not a claim or right Kruse had "by reason of" her marriage to Dr. Todd. Dr. Todd, when married to Kruse, was under no marital obligation to make Kruse a beneficiary of a life insurance policy, and he could have designated a new beneficiary "at any time without encountering any of [Kruse's] rights." *Bowers v. Bowers*, 637 SW2d, surpa at 457. Accord *Bersch v. Vankleeck*, 334 NW2d 114, 116 (Wis. 1983); Couch on Insurance (2d ed.) § 27.111. See also *Maxwell v. Britt*, supra, 171 Ga. App.

For these reasons, we reverse the grant of summary judgment to Dr. Todd's estate and the denial of summary judgment to Kruse re-

garding Dr. Todd's estate.

2. Kruse next contends that the court erred in granting summary judgment to Dr. Todd's children. She argues that the court erred in finding that Dr. Todd's children have a vested interest in the policy under the terms of the 1974 divorce decree.

(a) Kruse argues the Todd children do not have a claim to the Confederation proceeds under the 1974 settlement agreement, because Dr. Todd did not own any life insurance at that time, but was only covered under an employer's group policy.

However, the only reasonable interpretation of the 1974 agreement is that Dr. Todd and Dolly Todd intended the phrase "insurance program" to refer to Dr. Todd's group insurance.

(b) Kruse also contends that John Lee Todd and Camille Todd may not recover under the 1974 settlement agreement because a parent's duty of support ends when a child attains the age of majority, unless otherwise provided.

This contention has no merit. Kruse correctly notes that the paragraph of the 1974 settlement agreement dealing with life insurance specifically refers to minor children of Dr. Todd. We note, however, that the trial court, regarding John Lee and Camille Todd, merely held that they had a cause of action against Dr. Todd's estate for an amount equal to their college expenses that Dr. Todd had not paid. The court did not rule that these two children had the right to satisfy that obligation from the life insurance proceeds. We find no error in this ruling.

(c) Kruse further contends that under *Weiner v. Goldberg*, 251 Ga. 470 (306 SE2d 660) (1983), Jennifer Todd did not have a right to recover any of the insurance proceeds. *Weiner* dealt with the imposition of a constructive trust. However, in *Curtis v. Curtis*, 243 Ga. 611, 613 (255 SE2d 693) (1979), we held

> that where a policy of life insurance replaces a policy or amount specified in . . . a separation agreement, the minors' interest in the prior policy applies to the replacement policy.

Following the reasoning of *Curtis*, we hold that under the facts of this case, Jennifer Todd's interest in her father's life insurance policy in effect at the time of the divorce decree applied to the replacement policy. The trial court did not err in this ruling.

(d) Accordingly, the entire proceeds of the life insurance policy must be charged with the reasonable costs of Jennifer Todd's care, education, maintenance and support during her minority, as calculated from the date of John Todd's death, and as consistent with the terms of the 1974 agreement and judgment.

3. We find no merit to Kruse's argument that Confederation was

not entitled to an equitable setoff. See OCGA § 23-2-76.

4. Kruse's last contention is that the trial court erred in denying her motion for reconsideration of the grant of summary judgment to the appellees. This enumeration is answered by the first three divisions of this opinion.

### Appeal No. S89A0554. The IRA

The claimant competing with Kruse for the IRA proceeds is appellee Dolly Todd, the administratrix of Dr. Todd's estate. Dolly Todd claimed that, in the July 1986 settlement agreement, Kruse had released any claim Kruse had to the IRA. The trial court granted summary judgment to Dolly Todd, and Kruse appeals. We affirm.

In 1985 Dr. Todd established an IRA with Merrill Lynch, Pierce, Fenner, & Smith, Inc. (Merrill Lynch), naming Kruse as beneficiary. The IRA agreement specified that to change beneficiaries Dr. Todd had to file a new designation with Merrill Lynch. Dr. Todd did not change Kruse's designation before his death.

After Dr. Todd's death, Kruse filed a complaint to recover the proceeds of the IRA, naming Merrill Lynch as defendant. She sought the proceeds on the ground that she was the designated beneficiary of the IRA. Merrill Lynch answered and counterclaimed for interpleader, naming Kruse and Dolly Todd, in her capacity as administratrix, as defendants. The estate filed an answer, in which it claimed the proceeds based on language of the divorce decree between Dr. Todd and Kruse.

Kruse moved for summary judgment against the estate and Merrill Lynch, and Dolly Todd moved for summary judgment against Kruse. Merrill Lynch was subsequently dismissed as a party, by a consent order.

The trial court granted the estate's motion for summary judgment and denied Kruse's motion for summary judgment. Kruse moved for reconsideration of the order, or, in the alternative, to vacate the judgment pending reconsideration of that order. The court denied the motion. Kruse appeals both orders, and we affirm.

5. Kruse contends that the terms of the settlement agreement between Dr. Todd and herself do not operate to release her designation as beneficiary of the IRA.

We disagree. Paragraph 7 of the 1986 settlement agreement provides that "*[a]ny* . . . IRA's . . . wherever located presently [are] the sole and exclusive property of the designated depositor or named owner or recipient, and the other party shall have *no interest* therein." (Emphasis supplied.) We find that this language clearly and unambiguously expresses the intent of the parties that Kruse release any interest in any IRA of which Dr. Todd was the designated deposi-

tor, named owner, or recipient. *Prince*, supra, 147 Ga. App. at 688. We further find that the release is sufficiently broad to include Kruse's expectancy interest in Dr. Todd's Merrill Lynch IRA. (We note that it is undisputed that, at the time she entered into the settlement agreement, Kruse was aware of the existence of the Merrill Lynch IRA). Accordingly, we hold that the trial court did not err in granting summary judgment to the estate concerning the IRA.

6. Because of our holding in the previous division of this opinion, we do not address Kruse's remaining enumerations of error in this appeal.

*Appeal No. S89A0554. Judgment affirmed. All the Justices concur.*

*Appeal No. S89A0555. Judgment affirmed in part and reversed in part. All the Justices concur, except Bell and Fletcher, JJ., who concur in the judgment only as to Division 2 (c) and (d).*

DECIDED MARCH 13, 1990 —
RECONSIDERATION DENIED MARCH 29, 1990.

*Troutman, Sanders, Lockerman & Ashmore, Alan E. Lubel, Scott F. Norberg,* for appellant.

*Lokey & Bowden, Hamilton Lokey, K. Scott Graham, Hans A. Von Spakovsky, Cashin & Morton, Harry L. Cashin, Jr., Raymond C. Mayer, Johann R. Manning, Jr., Ross D. Friend,* for appellees.