S90A0971. HERTZ EQUIPMENT RENTAL CORPORATION v.
EVANS.
(397 SE2d 692)

BENHAM, Justice.

This appeal follows the trial court's dismissal of appellant/
lessee's complaint for specific performance of an option to purchase
real property, and the grant of summary judgment to appellee/lessor.

In 1964, appellee and her husband leased certain real property to
appellant's predecessor for a ten-year term, with an option to extend
the lease for an additional five-year term. The 1964 lease also con-
tained an option to purchase the real property for $75,000, which op-
tion provided

> In the event that the term of this lease is renewed, as herein
> provided, after the expiration of the first year of said ex-
> tended term, Lessee shall have the right and option to
> purchase the premises hereby leased. Such option may be ex-
> ercised at any time by Lessee giving ninety days written no-
> tice thereof to Lessor. . . .

Lessee exercised the option to extend the lease for five years and, on
July 15, 1979, the parties executed a document entitled "EXTEN-
SION OF LEASE" in which they extended the term of the 1964 lease
for three years for a specified monthly rent and gave appellant op-
tions to extend the lease for two additional three-year terms at speci-
fied increased monthly rents. The 1979 document also provided

> Except as amended and modified herein, all the terms, cove-
> nants and provisions of [the 1964] Lease remain unchanged
> and in full force and effect.

In February 1988, more than 90 days before the expiration of the last
three-year term provided for in the 1979 extension, appellant gave
written notice of its desire to exercise the option to purchase con-
tained in the 1964 lease. Appellee refused to acknowledge the option
and refused to convey title, precipitating this litigation.

The 1964 lease, containing an option to extend the term for five

years, bound appellee, at appellant's election, to a 15-year term of all the terms contained therein, including the option to purchase. *Chosewood v. Byars*, 201 Ga. 805 (1) (41 SE2d 530) (1947). The issue before us is whether the 1979 lease extension bound appellee to honor the option to purchase contained in the 1964 lease.

> Where the tenancy is continued not by virtue of any provision in the original lease, but by subsequent agreement, the continuance of the option depends upon the construction to be placed upon that agreement. Where it refers to and continues the original lease, the option has been held extended subject to the terms and conditions of the original lease.

15 ALR3d 470 § 5 [a]. The 1979 lease extension was a subsequent agreement that referred to and extended the term of the 1964 lease. While the parties agreed that all the other terms and provisions of the 1964 lease were to remain unchanged and in full force and effect during the term of the 1979 lease extension, the option to purchase, by its own terms, had viability only through the expiration of the lease extension provided for in the 1964 lease, i.e., the five-year extension that was exercised in 1974 and which expired in 1979.[1] Thus, the two documents created an ambiguity concerning whether the option to purchase was among those terms, covenants and provisions that were to be extended by the 1979 lease extension.

"The construction of a contract is a question of law for the court." OCGA § 13-2-1. Under the statutory rules of contract construction, if a contract is capable of being construed two ways, it will be construed against the preparer and in favor of the non-preparer. OCGA § 13-2-2 (5). Since appellant prepared the 1979 lease extension, the trial court did not err in construing the contractual ambiguity in favor of appellee and in granting appellee's motion for summary judgment and dismissing appellant's complaint for specific performance. See *Claussen v. Aetna Cas. &c. Co.*, 259 Ga. 333 (1) (380 SE2d 686) (1989).

*Judgment affirmed. All the Justices concur, except Weltner, J., not participating.*

DECIDED NOVEMBER 15, 1990.

*Sutherland, Asbill & Brennan, William D. Barwick,* for appellant.

*Kidd & Vaughan, Charles M. Kidd, Gwenn Dorb Holland,* for

---

[1] Compare eight other provisions of the 1964 lease in which the parties agreed to the terms thereof "during the term of this lease or *any* extension thereof."