.A03A0093. BARNETT v. PLATZ et al.
(581 SE2d 682)

</div>

JOHNSON, Presiding Judge.

The central issue in this case is whether a release provision in a divorce settlement agreement waived a former wife's claim to part of the equity in a piece of real property. We find that the provision did release the interest, and therefore affirm the trial court's summary judgment ruling against the former wife.

Jodi Barnett and Robert Platz married in 1971 and divorced in 1982. Their divorce settlement agreement, which was incorporated into the final divorce decree, provided that Robert Platz would keep the marital residence in Gwinnett County, that Barnett would convey her interest in the property to Robert Platz, and that he alone would be responsible for the mortgage, taxes, and insurance on the property. The agreement further provided that if he sold the property, remarried, or died, then Barnett would receive half of the equity in the property, although that amount could not exceed $20,000.

Barnett and Robert Platz remarried in August 1997, and divorced again in December 1997. Their second divorce settlement

---

agreement, incorporated into the final divorce decree, provides that the Gwinnett property is solely titled in Robert Platz's name and is not marital property subject to division. The agreement also contains the following release provision:

> Except as otherwise provided herein, the parties shall and do mutually remise, release, and forever discharge each other from any and all actions, suits, debts, claims, demands and any and all obligations whatsoever against each other. Both parties herein do certify that they have revealed to the other party all their present assets and by signing this Agreement, acknowledge same to be true.

Another clause in the contract further provides that "each party hereby waives any past, present or future claim or right which he may have against the other party."

Robert Platz died intestate in December 2000. His and Barnett's son, Travas Platz, was appointed administrator of the estate. Based on the 1982 divorce agreement, Barnett filed this lawsuit against Travas Platz, individually and as administrator of the estate, seeking $20,000 as her portion of the equity in the Gwinnett property. Travas Platz responded that Barnett gave up any interest in the property pursuant to the release provision in the 1997 agreement.

The parties both moved for summary judgment. The trial court denied summary judgment to Barnett and granted summary judgment to Travas Platz. The court reasoned that Barnett's interest in half the equity in the house ripened into a debt owed to her by Robert Platz under the 1982 settlement agreement terms when they remarried in August 1997. But when they divorced later that year, their 1997 settlement extinguished Platz's debt to Barnett pursuant to the release language providing that the parties forever discharge one another from any actions, debts, or claims. Barnett appeals.

1. Barnett argues that the trial court erroneously interpreted the 1982 divorce agreement provision that Robert Platz must pay her half the property value upon his remarriage. She contends that this provision did not contemplate his remarriage to her, but only his remarriage to someone else. Accordingly, their remarriage did not trigger his debt to her, and thus their 1997 divorce agreement could not have extinguished a debt that did not exist.

But pretermitting the issue of whether the remarriage triggered Robert Platz's debt to Barnett under the 1982 agreement, as found by the trial court, there is another basis for affirming the trial court's summary judgment ruling. And a summary judgment ruling that is

right for any reason will be affirmed.[1] The controlling factor here is that regardless of whether the debt was triggered by the remarriage, the 1997 settlement agreement released Robert Platz from any obligations to Barnett concerning the Gwinnett property.

A court must determine the meaning of a settlement agreement incorporated into a divorce decree according to the usual rules of contract construction, and the cardinal rule thereof is to ascertain the intention of the parties.[2] If a contract is clear and unambiguous, the court looks to it alone to determine the parties' intention.[3]

In the instant case, the 1997 settlement agreement clearly states that the Gwinnett property belongs solely to Robert Platz and is not marital property subject to division. Two paragraphs later, the release clause unambiguously provides that the parties have revealed to each other all their assets and that "the parties shall and do mutually remise, release, and forever discharge each other from *any and all* actions, suits, debts, claims, demands and *any and all obligations whatsoever* against each other."[4]

Based on the clearly stated intention of Barnett and Robert Platz to forever discharge each other from any and all actions and obligations whatsoever, we find that such a release, without limiting language, must include Robert Platz's contingency obligations to give Barnett half the equity of the Gwinnett property under the prior divorce decree.[5] Whether his obligation became an actual debt upon the 1997 remarriage, as found by the trial court, or whether it was simply an obligation based on Barnett's expectancy interest in the property, the obligation was extinguished by the broad language of the release provision in the 1997 agreement.[6] Accordingly, the trial court did not err in granting summary judgment to Travas Platz.

2. Barnett enumerates that the trial court erred in failing to find that Travas Platz's refusal to pay for her interest in the property violates the release provision of the 1997 agreement. In support of this enumeration, she relies on the portion of the release provision which states: "Both parties herein do certify that they have revealed to the other party all their present assets and by signing this Agreement, acknowledge same to be true." Barnett reasons that if her remarriage to Robert Platz did in fact trigger her right to half the equity of the

---

[1] *Smith v. Chandler*, 256 Ga. App. 440, 442 (568 SE2d 592) (2002).

[2] (Citations omitted.) *Kruse v. Todd*, 260 Ga. 63, 67 (1) (389 SE2d 488) (1990).

[3] Id.

[4] (Emphasis supplied.)

[5] Compare *Kruse*, supra (where release limited to matters existing up to the date of the agreement and to claims arising by reason of the marriage, an expectancy interest as a beneficiary of a life insurance policy was not released).

[6] See *Kruse*, supra at 69-70 (5) (release provision sufficiently broad to include expectancy interest as beneficiary of former spouse's retirement account).

Gwinnett property, then the above-quoted language means that Robert Platz understood and agreed that she had retained an interest in half the property as one of her assets. And therefore Travas Platz's refusal to pay her for her asset violates the quoted release language.

Barnett's reasoning is flawed. In interpreting contracts, words generally bear their usual and common signification.[7] The usual and common meaning of the contract language relied upon by Barnett is simply that the parties had revealed their assets to each other. There is nothing in the usual and common meaning of those words which indicates that the parties further agreed that a possible property debt owed by Robert Platz to Barnett was one of her assets. Moreover, even if it was one of Barnett's assets, we fail to see how the parties' agreement that they had revealed their assets to each other has been violated by Travas Platz. As the trial court found, if Robert Platz was in fact indebted to Barnett for half the equity in the house as a result of their remarriage, the release language in the 1997 agreement clearly waived that debt. This enumeration of error is without merit.

3. Barnett contends that the 1997 release agreement pertains only to claims arising out of the 1997 marriage, and does not include claims arising out of the earlier marriage and divorce. Again, the contention is without merit because the plain language of the 1997 agreement released any and all claims, and further provided that each party waived any past, present, or future claims against the other party. It did not contain any language limiting the release only to claims arising out of the 1997 marriage. Because the broad language of the release was not limited to the 1997 marriage, Barnett has shown no basis for reversing the trial court.

*Judgment affirmed. Eldridge and Mikell, JJ., concur.*

DECIDED APRIL 29, 2003.

*Albert R. Sacks*, for appellant.
*Joseph E. Cheeley, Jr., Joseph E. Cheeley III*, for appellees.

---

[7] OCGA § 13-2-2 (2).