## A08A1381. YOUNG v. STUMP.
(669 SE2d 148)

MIKELL, Judge.

The issue in this appeal is whether the decedent's former wife, Donna Young, relinquished her interest as beneficiary in his IRA pursuant to a waiver provision in their divorce settlement agreement. We find that she did relinquish her interest and therefore affirm the trial court's grant of summary judgment to the executrix of the decedent's estate, Ann R. Stump.

The relevant facts are undisputed. Donna Young and William Allen Rowland were divorced in 2000. Their settlement agreement, which was incorporated into the final judgment and decree of divorce, contains a section governing "Retirement, IRAs, and Profit Sharing Plans." Section IX (a) provides that the minor children have OppenheimerFunds accounts which shall remain intact to pay for their college tuition. Section IX (b) provides that

> Husband shall have all right, title, and equity in and to any retirement account which is presently titled in his name, or which was established for his benefit, including, but not limited to . . . IRAs. . . . Wife shall make no claim to or against [any such account] and herewith specifically waives and relinquishes any and all claims which she may have to same.

Section IX (c) is identical to Section IX (b), except that "Wife" replaces "Husband," and the pronouns are changed accordingly.

> Wife shall have all right, title, and equity in and to any retirement account which is presently titled in her name, or which was established for her benefit, including, but not limited to . . . IRAs. . . . Husband shall make no claim to or against [any such account] and herewith specifically waives and relinquishes any and all claims which he may have to same.

During the marriage, Rowland maintained an OppenheimerFunds IRA in his name and designated Young as the beneficiary. Rowland died on November 27, 2006, without changing the beneficiary. On February 9, 2007, Young sent Oppenheimer a letter of instruction requesting that the funds in Rowland's IRA be trans-

ferred into an account in her name. The funds, totaling $34,838.29, were transferred into three OppenheimerFunds accounts on February 27, 2007. Thereafter, Stump demanded that Young pay the proceeds of the IRA to Rowland's estate, but Young refused. Stump filed suit to recover the funds, plus interest and attorney fees, as well as punitive damages. Stump moved for partial summary judgment as to all legal claims[1] except punitive damages, and Young moved for summary judgment on all claims. Following a hearing, the trial court granted Stump's motion and denied Young's motion. Young appeals.

1. In her first enumeration of error, Young argues that the trial court erred in determining that the agreement was unambiguous. Specifically, Young urges that the phrase "established for her benefit" in Section IX (c) creates an ambiguity which cannot be resolved by application of the rules of contract construction. Young further contends that because Rowland designated her as beneficiary, Rowland's IRA was "established for her benefit," so that she is entitled to "all right, title, and equity in and to" that retirement account. We examine these assertions in turn.

The meaning of a settlement agreement incorporated into a divorce decree is determined according to the usual rules of contract construction, and the cardinal rule thereof is to determine the intent of the parties.[2]

> Construction of a contract by the court involves three steps. First, if no ambiguity appears, the trial court enforces the contract according to its terms irrespective of all technical or arbitrary rules of construction. Secondly, if ambiguity does appear, the existence or nonexistence of an ambiguity is a question of law for the court. Finally, a jury question arises only when there appears to be an ambiguity in the contract which cannot be negated by the court's application of the statutory rules of construction.[3]

Here, the phrase "established for her benefit" in Section IX (c) of the agreement is ambiguous.[4] "Ambiguity in a contract is defined as duplicity, indistinctness or an uncertainty of meaning or expres-

---

[1] Stump asserted two equitable claims which are not at issue in this appeal.

[2] *Kruse v. Todd*, 260 Ga. 63, 67 (1) (389 SE2d 488) (1990).

[3] (Citations and punctuation omitted.) *Thomas v. B & I Lending*, 261 Ga. App. 39, 41 (1) (581 SE2d 631) (2003).

[4] The trial court erred in holding otherwise, but we affirm because the judgment is correct. See *Gilbert v. City of Jackson*, 287 Ga. App. 326, 327 (1) (651 SE2d 461) (2007) ("A grant of summary judgment must be affirmed if right for any reason, whether stated or unstated. It is the grant itself that is to be reviewed for error, and not the analysis employed") (citations and punctuation omitted).

sion.'"[5] An IRA may be established for the benefit of a beneficiary.[6] Thus the first sentence of Section IX (c) could be interpreted to mean that by designating Young as beneficiary, Rowland established his IRA "for her benefit," entitling her to the proceeds thereof. But this interpretation of Section IX (c) would render the waiver clause in Section IX (b) meaningless. Therefore, we apply the rules of construction to resolve this ambiguity. "The construction which will uphold a contract in whole and in every part is to be preferred, and the whole contract should be looked to in arriving at the construction of any part."[7] Thus,

> a contract must be interpreted to give the greatest effect possible to all provisions rather than to leave any part of the contract unreasonable or having no effect. And, one of the most fundamental principles of construction is that a court should, if possible, construe a contract so as not to render any of its provisions meaningless.[8]

Under the construction urged by Young, she would receive the proceeds of Rowland's IRA, even though she agreed to make no claim to it and specifically waived any and all of her claims to it. That is not a reasonable interpretation of the agreement. "The construction of the contract should give a reasonable, lawful and effective meaning to all manifestations of intention by the parties rather than an interpretation which leaves a part of such manifestations unreasonable or of no effect."[9] Construing subsections (b) and (c) of Section IX together so as to give reasonable meaning and effect to each part, we find that Young intended to disclaim any and all interest in Rowland's retirement accounts.

Young further asserts that any ambiguity in the retirement account provision should be construed against Rowland because his attorney drafted the agreement. While generally, an ambiguity is construed against the drafter,[10] the rule does not apply in this case. The agreement contains a clause which provides: "Because this

---

[5] (Citation omitted.) *Horwitz v. Weil*, 275 Ga. 467, 468 (569 SE2d 515) (2002).

[6] See 26 USCA § 408 (a), which states, in relevant part, that "the term 'individual retirement account' means a trust created or organized in the United States for the exclusive benefit of an individual or his beneficiaries."

[7] OCGA § 13-2-2 (4).

[8] (Citation and footnote omitted.) *VATACS Group v. HomeSide Lending*, 276 Ga. App. 386, 389 (1) (623 SE2d 534) (2005).

[9] (Citation and punctuation omitted.) *Thomas*, supra at 42 (1).

[10] See OCGA § 13-2-2 (5); *Hertz Equip. Rental Corp. v. Evans*, 260 Ga. 532, 533 (397 SE2d 692) (1990) ("if a contract is capable of being construed two ways, it will be construed against the preparer and in favor of the non-preparer").

Settlement Agreement is a joint effort of the parties, it should be construed with fairness as between the parties and not more strictly enforced against one or the other party." "There is a strong public policy in favor of enforcing contracts as written and agreed upon."[11] Accordingly, we reject Young's argument that the settlement agreement should be construed against Stump.

Finally, our ruling comports with *Kruse v. Todd*.[12] In that case, our Supreme Court examined a divorce settlement agreement that contained an IRA provision similar to the one at issue in this case. The agreement in *Kruse* stated that "any IRA's wherever located presently are the sole and exclusive property of the designated depositor or named owner or recipient, and the other party shall have no interest therein."[13] The Court found that the provision "clearly and unambiguously expresse[d] the intent of the parties that Kruse [the former wife] release any interest in any IRA of which [the decedent] was the designated depositor, named owner, or recipient."[14] The Court further determined that the release was broad enough to include Kruse's expectancy interest in the IRA.[15] Accordingly, the Court ruled that the agreement released Kruse's designation as beneficiary of the IRA.[16]

We reach the same result in the case at bar. Section IX (b) of the agreement clearly states that Young "shall make no claim to or against [Rowland's IRA] and herewith specifically waives and relinquishes any and all claims which she may have to same." The waiver applies "to any retirement account which is presently titled in his name, or which was established for his benefit." It is undisputed that the IRA was titled in Rowland's name at the time the agreement was signed. Therefore, in accordance with *Kruse*, the agreement operates as a waiver of Young's beneficiary designation.[17]

2. Young next contends that the trial court erred in ruling that the settlement agreement encompassed her expectancy interest in Rowland's IRA. As noted above, the Supreme Court in *Kruse* held

---

[11] *Daniel v. Daniel*, 250 Ga. 849, 851-852 (2) (301 SE2d 643) (1983) (approving "construed with fairness as between the parties" language in the context of a waiver of the right to petition for modification) (punctuation omitted).

[12] Supra.

[13] (Punctuation and emphasis omitted.) Id. at 69 (5).

[14] (Citation omitted.) Id. at 69-70 (5).

[15] Id. at 70 (5).

[16] Id. at 69 (5).

[17] Compare *Maccabees Mut. Life Ins. Co. v. Morton*, 941 F2d 1181, 1184-1185 (III) (11th Cir. 1991) (applying Georgia law and distinguishing *Kruse*, supra, court held that a separation agreement in which each party released all claims "against the other" spouse, and all right, title, interest, and claim as husband or wife "or otherwise," did not operate to relinquish the former wife's rights as the named beneficiary of her former husband's IRA where the release language did not expressly include the IRA).

that the release language at issue in that case was broad enough to include the former wife's expectancy interest in her former husband's IRA.[18] Following *Kruse*, this Court ruled in *Barnett v. Platz*[19] that the former wife's expectancy interest in certain real property was extinguished by release language in the parties' settlement agreement, which provided as follows: "the parties . . . release, and forever discharge each other from any and all actions, suits, debts, claims, demands and any and all obligations whatsoever against each other."[20] Although the agreement stated that the property belonged solely to the former husband and was not marital property subject to division,[21] the former wife had argued that she had not waived her right to one-half of the equity in the property, which had been granted to her in an earlier divorce agreement entered into with her former husband.[22]

Following *Kruse* and *Barnett*, we hold in the case at bar that the language in the agreement providing that "Wife shall make no claim to" Rowland's IRA "and herewith specifically waives and relinquishes any and all claims which she may have to same" is sufficiently broad to release her expectancy interest in the IRA. The trial court did not err in granting summary judgment to Stump.

*Judgment affirmed. Smith, P. J., and Adams, J., concur.*

DECIDED SEPTEMBER 19, 2008 —
RECONSIDERATION DENIED NOVEMBER 4, 2008 — ■

*Alan Mullinax, Glynn R. Stepp*, for appellant.
*Mazursky Constantine, Robert E. Johnson, Jr.*, for appellee.

---

[18] *Kruse*, supra at 70 (5).
[19] 261 Ga. App. 51 (581 SE2d 682) (2003).
[20] (Punctuation, footnote and emphasis omitted.) Id. at 53 (1).
[21] Id.
[22] Id. at 51.