### A10A2205. STUMP v. YOUNG.
(705 SE2d 684)

MIKELL, Judge.

In *Young v. Stump*,[1] we affirmed the grant of summary judgment to Ann Stump, the executrix of William Rowland's estate, finding that Rowland's former wife, Donna Young, relinquished her interest as beneficiary in his IRA pursuant to a waiver provision in their divorce settlement agreement.[2] Following receipt of the remittitur, the trial court entered final judgment on April 28, 2009. The judgment included an award of attorney fees, court costs, and prejudgment interest.

On February 4, 2010, Young filed a "motion to vacate and set aside pursuant to OCGA § 9-11-60 (d); extraordinary motion for new trial pursuant to OCGA § 5-5-41 (a); and motion for temporary stay of enforcement of judgment." Among the grounds she asserted was that "[s]aid Final Order was never served upon either Defendant or Defendant's counsel, either by opposing counsel or by the Clerk of Court's office. As such, Defendant was entirely unaware of the entry of the final judgment." Young moved to set aside only that

---

[1] 294 Ga. App. 351 (669 SE2d 148) (2008).

[2] Id.

portion of the final order as pertained to attorney fees, costs of litigation, and prejudgment interest, noting that the trial court had never held a hearing on Stump's claim therefor.

The trial court held a hearing on Young's motion and then granted it. In its order, the court vacated and set aside the portion of its final judgment that awarded attorney fees and interest. The trial court correctly ruled that it should have scheduled a hearing on those issues.[3] Stump directly appealed to this Court. Young filed a motion to dismiss the appeal, arguing that the trial court's order is not final and may not be appealed absent a certificate of immediate review.

At first blush, it would appear that a direct appeal is proper. "Motions to set aside brought on the grounds that the court failed to notify the losing party of its decision are cognizable as motions to correct a clerical error pursuant to OCGA § 9-11-60 (g) and are properly the subject of a direct appeal."[4] The judgment in the case at bar, however, made clear that the issues of attorney fees, costs and interest remain to be resolved. Under OCGA § 5-6-34 (a) (1), direct appeals are allowed from "[a]ll final judgments, that is to say, where the case is no longer pending in the court below." As the judgment left issues pending in the trial court, it is not a final judgment within the meaning of OCGA § 5-6-34 (a) (1).[5] Absent a certificate of immediate review and application for interlocutory appeal, Young's direct appeal is premature and must be dismissed.[6]

*Appeal dismissed. Smith, P. J., and Adams, J., concur.*

DECIDED JANUARY 20, 2011.

*Randall A. Constantine*, for appellant.
*Alan Mullinax, Zachary R. Stepp*, for appellee.

---

[3] See *Mays v. City of Fairburn*, 301 Ga. App. 386, 387 (2) (687 SE2d 591) (2009) (trial court erred in awarding attorney fees under OCGA § 9-15-14 without conducting a hearing).

[4] *Downs v. C.D.C. Fed. Credit Union*, 224 Ga. App. 869 (1) (481 SE2d 903) (1997), citing *Leventhal v. Moseley*, 264 Ga. 891, 892 (453 SE2d 455) (1995).

[5] See *Northen v. Mary Anne Frolick & Assocs.*, 235 Ga. App. 804, 806 (1) (510 SE2d 122) (1998) (direct appeal dismissed, where plaintiff's claim for attorney fees in a contract action remained for adjudication after entry of judgment on all other counts).

[6] Id.