# Court of Appeals
# of the State of Georgia

ATLANTA,  September 10, 2021

*The Court of Appeals hereby passes the following order:*

**A22A0085. MESSER, LLC d/b/a MESSER GAS, LLC et al. v. VERONICA VELLEZ et al.**

**A22A0086. MESSER, LLC d/b/a MESSER GAS, LLC et al. v. MICHAEL SMITH, AS ADMINISTRATOR OF THE ESTATE OF SAULO SUAREZ-BERNAL, DECEASED.**

**A22A0087. MESSER, LLC d/b/a MESSER GAS, LLC et al. v. YEDITH ALEJANDRA GUANA et al.**

These wrongful death cases arose out of a nitrogen leak from a cryogenic freezing system at a food processing plant. Defendants Messer, LLC d/b/a Messer Gas, LLC, Messer North American, Inc., Messer Group GMBH, and John Christopher Kline, who designed and serviced the system, moved to consolidate the cases and have them reassigned to the judge presiding over four separate cases pending in the same court arising out of the same incident. In Case No. A22A0085, the trial court denied the motion to consolidate but granted the reassignment and transferred the case to the judge presiding over Case Nos. A22A0086 and A22A0087. In those cases, the trial court denied both the motion to consolidate and to reassign. The  defendants' notices of appeal are timely from the denial of their motions to consolidate and reassign.[1]  However, we lack jurisdiction.

"Generally, an order is final and appealable when it leaves no issues remaining to be resolved, constitutes the court's final ruling on the merits of the action, and

---

[1] In Case Nos. A22A0086 and A22A0087, the defendants filed motions for reconsideration, which the trial court also denied.

leaves the parties with no further recourse in the trial court." *Thomas v. Douglas Co.*, 217 Ga. App. 520, 522 (1) (457 SE2d 835) (1995). These cases remain pending in the trial court. Therefore, the judgment is not final within the meaning of OCGA § 5-6-34 (a) (1), and the defendants were required to comply with the interlocutory appeal procedure in order to appeal. See *Stump v. Young*, 307 Ga. App. 583, 584 (705 SE2d 684) (2011). In each case, the trial court denied the defendants' requests for certificates of immediate review. «**A22A0085, R272; A22A0086, R359; A22A0087, R339**» The denial of a request for a certificate of immediate review is not an appealable ruling. See *Price v. State*, 237 Ga. 352, 352-353 (2) (227 SE2d 368) (1976).

In their notices of appeal, the defendants contend that a direct appeal is proper under the collateral order doctrine. "The collateral order doctrine permits appeals from a small category of decisions that are (i) conclusive, (ii) that resolve important questions separate from the merits, and (iii) that are effectively unreviewable on appeal from the final judgment in the underlying action." *Expedia, Inc. v. City of Columbus*, 305 Ga. App. 450, 452 (1) (699 SE2d 600) (2010) (punctuation omitted). The superior court orders at issue here do not meet these requirements because, among other things, they are not conclusive. Accordingly, the defendants' failure to follow the interlocutory appeal procedures deprives us of jurisdiction over these

direct appeals, which are hereby DISMISSED. See *Bailey v. Bailey,* 266 Ga. 832, 832-833 (471 SE2d 213) (1996).



*Court of Appeals of the State of Georgia*
     *Clerk's Office, Atlanta,* __09/10/2021__

    *I certify that the above is a true extract from the minutes of the Court of Appeals of Georgia.*

    *Witness my signature and the seal of said court hereto affixed the day and year last above written.*

_____ *, Clerk.*