# Court of Appeals
# of the State of Georgia

ATLANTA,  August 19, 2022

*The Court of Appeals hereby passes the following order:*

## A23A0045. BENJAMIN LICONA et al. v. JAY RIEMENSCHNEIDER at al.

Benjamin Licona and Christina Evelyn Tomasino-Licona ("the Liconas") sued Jay and Terri Riemenschneider in superior court, asserting claims for declaratory judgment, unjust enrichment, injunction, and attorney fees under OCGA § 13-6-11. The Liconas alleged that the Riemenschneiders had wrongfully initiated eviction proceedings against them in violation of their lease agreement. The Riemenschneiders filed an answer and counterclaim for attorney fees under OCGA § 13-6-11. Following a hearing, the superior court entered judgment and a writ of possession in favor of the Riemenschneiders, but expressly reserved ruling on the issue of attorney fees "for further disposition by the Court." The Liconas appeal, but we lack jurisdiction.

Under OCGA § 5-6-34 (a) (1), appeals may generally be taken from "[a]ll final judgments, that is to say, where the case is no longer pending in the court below[.]" When the case remains pending, the losing party is required to comply with the interlocutory appeal procedures of OCGA § 5-6-34 (b), including obtaining a certificate of immediate review. *Islamkhan v. Khan*, 299 Ga. 548, 551 (2) (787 SE2d 731) (2016). "[I]f the judgment reserves the issue of attorney fees under OCGA § 13-6-11, then one cannot claim that 'the case is no longer pending in the court below' as required by OCGA § 5-6-34 (a) (1)." *Sotter v. Stephens*, 291 Ga. 79, 84 (727 SE2d 484) (2012). See also *Edokpolor v. Grady Memorial Hosp. Corp.*, 302 Ga. 733, 734-735 (808 SE2d 653) (2017) ("[A] case remains pending in the trial court where that court has explicitly reserved issues related to costs and attorney fees for future judgment.").

Thus, because the trial court's order reserved the issue of attorney fees, the

order was not a final judgment, and the Linconas were required to comply with the interlocutory appeal procedures to obtain appellate review at this juncture. See id.; *Islamkhan*, 299 Ga. at 550 (1); *Stump v. Young*, 307 Ga. App. 583, 584 (705 SE2d 684) (2011). Their failure to do so deprives us of jurisdiction over this appeal, which is hereby DISMISSED.



*Court of Appeals of the State of Georgia*
　　　*Clerk's Office, Atlanta,　08/19/2022　　　　*

　　　*I certify that the above is a true extract from the minutes of the Court of Appeals of Georgia.*

　　　*Witness my signature and the seal of said court hereto affixed the day and year last above written.*

_____ *, Clerk.*