# Court of Appeals
# of the State of Georgia

ATLANTA,  January 09, 2023

*The Court of Appeals hereby passes the following order:*

**A23A0458. THOMAS v. TAYLOR MADE CONTRACTING SERVICES, LLC.**

Taylor Made Contracting Services, LLC ("TMCS") sued Jerry J. Thomas for breach of contract and other claims relating to sums allegedly owed for work performed on Thomas's home. In its complaint, TMCS also sought an award of attorney fees and litigation expenses pursuant to OCGA § 13-6-11.  The trial court subsequently granted a default judgment to TMCS on the issue of liability. Following an evidentiary hearing on damages, the trial court entered a "Final Order" awarding TMCS damages in the amount of $30,207.29. As to attorney fees and litigation expenses, the trial court stated: "Attorney fees and costs are to be handled at a separate hearing to allow [TMCS] to submit [its] billing records and [Thomas] an opportunity to cross examine [TMCS] on such." Thomas filed a notice of appeal from this order.

We lack jurisdiction. Pursuant to OCGA § 5-6-34 (a) (1), appeals may generally be taken from "[a]ll final judgments, that is to say, where the case is no longer pending in the court below[.]" When the case remains pending, the losing party is required to comply with the interlocutory appeal procedures of OCGA § 5-6-34 (b), including obtaining a certificate of immediate review. See *Islamkhan v. Khan*, 299 Ga. 548, 551 (2) (787 SE2d 731) (2016). "[I]f the judgment reserves the issue of attorney fees under OCGA § 13-6-11, then one cannot claim that 'the case is no longer pending in the court below' as required by OCGA § 5-6-34 (a) (1)." *Sotter v. Stephens*, 291 Ga. 79, 84 (727 SE2d 484) (2012). See also *Edokpolor v. Grady Memorial Hosp. Corp.*, 302 Ga. 733, 734-735 (808 SE2d 653) (2017) ("[A] case remains pending in the trial court where that court has explicitly reserved issues

related to costs and attorney fees for future judgment.").

TMCS brought its attorney fee claim pursuant to OCGA § 13-6-11, and that claim remains pending below. Because the order on appeal is not a final judgment, Thomas was required to comply with the interlocutory appeal procedures to obtain appellate review at this juncture. See *Islamkhan*, supra at 550 (1); *Stump v. Young*, 307 Ga. App. 583, 584 (705 SE2d 684) (2011). His failure to do so deprives us of jurisdiction over his appeal, which is hereby DISMISSED.



*Court of Appeals of the State of Georgia*
     *Clerk's Office, Atlanta,  01/09/2023*

     *I certify that the above is a true extract from the minutes of the Court of Appeals of Georgia.*

     *Witness my signature and the seal of said court hereto affixed the day and year last above written.*

_____ *, Clerk.*