# Court of Appeals
# of the State of Georgia

ATLANTA, March 16, 2023

*The Court of Appeals hereby passes the following order:*

**A23A0996. GLORIA DAVIS et al v. BRUCE W. KIRBO, JR., EXECUTOR OF THE LAST WILL AND TESTAMENT OF EDWIN MARVIN MCCULLERS.**

After Edwin and Linda McCullers died within hours of each other, the executor of their estate filed a petition to probate their will in the Decatur County probate court, naming Linda's parents as the heirs because Edwin predeceased Linda and they did not have any children. The probate court entered an order admitting the will to probate in solemn form and issuing letters testamentary. Thereafter, the appellants, who are Edwin's siblings, filed a motion to set aside the probate court order, a petition for temporary letters of administration, and a motion to intervene. The probate court subsequently denied the motions. The appellants then appealed to the superior court. The executor filed a motion for summary judgment, which the superior court granted as to all the motions. The superior court also concluded that the executor was entitled to attorney fees under OCGA § 13-6-11, but reserved ruling on the amount until a subsequent hearing. The appellants then filed a notice of appeal. We, however, lack jurisdiction.

Under OCGA § 5-6-34 (a) (1), appeals may generally be taken from "[a]ll final judgments, that is to say, where the case is no longer pending in the court below[.]" When the case remains pending, the losing party is required to comply with the interlocutory appeal procedures of OCGA § 5-6-34 (b), including obtaining a certificate of immediate review. *Islamkhan v. Khan*, 299 Ga. 548, 551 (2) (787 SE2d 731) (2016). "[I]f the judgment reserves the issue of attorney fees under OCGA § 13-6-11, then one cannot claim that 'the case is no longer pending in the court below' as

required by OCGA § 5-6-34 (a) (1)." *Sotter v. Stephens*, 291 Ga. 79, 84 (727 SE2d 484) (2012). See also *Edokpolor v. Grady Memorial Hosp. Corp.*, 302 Ga. 733, 734-735 (808 SE2d 653) (2017) ("[A] case remains pending in the trial court where that court has explicitly reserved issues related to costs and attorney fees for future judgment.").

Thus, because the trial court's order reserved the issue of the amount of attorney fees, the order was not a final judgment, and the appellants were required to comply with the interlocutory appeal procedures to obtain appellate review at this juncture. See id.; *Islamkhan*, 299 Ga. at 550 (1); *Stump v. Young*, 307 Ga. App. 583, 584 (705 SE2d 684) (2011). Their failure to do so deprives us of jurisdiction over this appeal, which is hereby DISMISSED.



*Court of Appeals of the State of Georgia*
*Clerk's Office, Atlanta,   03/16/2023          *

*I certify that the above is a true extract from the minutes of the Court of Appeals of Georgia.*

*Witness my signature and the seal of said court hereto affixed the day and year last above written.*

_____ *, Clerk.*