# Court of Appeals
# of the State of Georgia

ATLANTA,  August 08, 2023

*The Court of Appeals hereby passes the following order:*

## A24A0051. BULLARD FAMILY FARMS, LLC v. CHARLES RUSSELL PARIS.

The plaintiff, Bullard Family Farms, LLC, filed a complaint against Charles Russell Paris, asserting claims for failure to provide lateral support, nuisance, and trespass relating to the building of chicken houses in 2005. Paris answered and counterclaimed for malicious interference with business relations, trespass, and abusive and frivolous litigation. Paris subsequently filed a motion to dismiss the complaint. The trial court granted Paris's motion and dismissed the complaint. The trial court, however, reserved ruling on Paris's counterclaims. The plaintiff then filed this direct appeal. We lack jurisdiction.

Under OCGA § 5-6-34 (a) (1), appeals may generally be taken from "[a]ll final judgments, that is to say, where the case is no longer pending in the court below[.]" When the case remains pending, the losing party is required to comply with the interlocutory appeal procedures of OCGA § 5-6-34 (b), including obtaining a certificate of immediate review. *Islamkhan v. Khan*, 299 Ga. 548, 551 (2) (787 SE2d 731) (2016). Because the trial court's order reserved ruling on Paris's counterclaims, the order was not a  final judgment, and the plaintiff was required to comply with the interlocutory appeal procedures to obtain appellate review at this juncture. See id. at 550 (1); *Stump v. Young*, 307 Ga. App. 583, 584 (705 SE2d 684) (2011).

The plaintiff's failure to follow the interlocutory appeal procedures deprives us of jurisdiction over this appeal, which is hereby DISMISSED.



*Court of Appeals of the State of Georgia*
*Clerk's Office, Atlanta,*   *08/08/2023*

    *I certify that the above is a true extract from the minutes of the Court of Appeals of Georgia.*

    *Witness my signature and the seal of said court hereto affixed the day and year last above written.*

_____, *Clerk.*