S12A0519. SOTTER v. STEPHENS.
S12A0520. WHITE et al. v. STEPHENS.
(727 SE2d 484)

CARLEY, Presiding Justice.

Robert L. White executed and delivered a deed of gift on December 18, 1947, naming his wife, Florence, "as trustee of Robert Emory White, Maria Sheron White and Myron James White, the children of the said donor and of the said trustee." Another son, Marvin Terry White, was born after the deed was delivered. On January 5, 1999, Florence died intestate. Cynthia E. Call was appointed successor administrator of the estate, and she filed a suit (hereinafter referred to as *Call v. White*) requesting that she be appointed as successor trustee, that she be given authority to sell the real property of the trust free of all claims, that Robert E., Maria, and Myron White be enjoined from filing any additional claims on the property, and that attorney fees be assessed against Maria White for being stubbornly litigious. On June 15, 2006, Appellee Judge Lawton E. Stephens issued a temporary order appointing Ms. Call as successor trustee and authorizing the sale of the real property.

Subsequently, Ms. Call sold the property and then moved for judgment on her remaining claims. After a non-jury evidentiary hearing, Judge Stephens issued an order on May 22, 2008 holding, among other things, that the trust had been fully performed as to Robert E., Maria, and Myron White and directing that all of the proceeds from the sale of the real property be paid over to Marvin Terry White, stating that, even though he was not named in the deed, the trustee was directed in the deed to divide the proceeds of any sale of real estate "equally among herself and the surviving children of donor. . . ." The order also held that Maria White had been stubbornly litigious and ordered her to pay attorney fees to Ms. Call with the amount to be reduced to judgment at a later date. Myron White did not file an appeal from this order, and Robert E. White filed an untimely notice of appeal, which was dismissed by this Court on April 20, 2009. After presentment by Ms. Call of her trust accounting and attorney fee time records, Robert E. White objected to the accounting and moved for sanctions against Ms. Call. On July 20, 2010, Judge Stephens issued an order ruling that Robert E. White had no standing to object or that his objections were moot. Robert E. White appealed from that order but subsequently withdrew his appeal.

On June 7, 2011, Judge Stephens issued an order awarding attorney fees against Maria White in the amount of $4,900.11. On June 24 and 30, 2011, Myron White and Robert E. White filed separate notices of appeal from the June 7, 2011 order. Both notices stated the intent pursuant to OCGA § 5-6-34 (d) to seek appellate review of all prior orders, including but not limited to the May 22, 2008 order. Upon motion by Ms. Call, Judge Stephens, on September 14, 2011, dismissed both notices of appeal and issued a bill of peace and perpetual injunction to prevent any further filings without prior written permission. On September 20, 2011, Myron and Robert E. White requested permission to appeal from the order dismissing their appeals. This request was denied.

On September 26, 2011, Appellants Myron White, Robert E. White, and Gary Gerrard, who was Robert E. White's attorney in *Call v. White*, filed a petition for writ of mandamus to compel Judge Stephens to allow them to appeal from the September 14, 2011 order dismissing their appeals. The action was heard by another judge of the superior court who entered an order October 20, 2011 refusing to grant the writ of mandamus. Myron White and Robert E. White with Gary Gerrard filed separate notices of appeal from this order.

Mandamus is an extraordinary remedy which is available only if the petitioner can show a clear legal right to the relief sought or a gross abuse of discretion. *Mid-Ga. Environmental Mgmt. Group v. Meriwether County*, 277 Ga. 670, 672-673 (2) (594 SE2d 344) (2004).

Moreover, mandamus will not be granted if it would be nugatory or fruitless. OCGA § 9-6-26. In the present case, the trial court determined that any mandamus relief would be nugatory or fruitless because the dismissed notices of appeal filed by Appellants from the June 7, 2011 order in *Call v. White* were untimely and thus any mandamus relief compelling Judge Stephens to permit appeals from the dismissal order would be moot. The trial court also held that since the dismissed notices of appeal were untimely, Appellants did not have a clear legal right to compel Judge Stephens to permit a direct appeal from the order dismissing them and that Judge Stephens had the discretion to dismiss the notices of appeal and thus need not have permitted an appeal from the dismissal. The trial court ruled and Judge Stephens contends that the dismissed notices of appeal were untimely under OCGA § 5-6-38 (a), which provides, in pertinent part, that a notice of appeal must be filed within 30 days after entry of the appealable decision or judgment. The trial court specifically held and Judge Stephens also contends that the orders entered on May 22, 2008 and July 20, 2010 were both final orders within the meaning of OCGA § 5-6-34 (a) (1) and thus Appellants' notices of appeal, which were filed on June 24, 2011 and June 30, 2011, were untimely because they were filed more than 30 days after entry of the 2008 and 2010 orders. Appellants argue, however, that the May 22, 2008 and July 20, 2010 orders were interlocutory and that the final order was the one issued on June 7, 2011, and thus that their direct appeals were timely. "[A] trial court's order dismissing a properly filed direct appeal is itself subject to a direct appeal. [Cit.]" *American Medical Security Group v. Parker*, 284 Ga. 102, 103 (2) (663 SE2d 697) (2008). Therefore, whether the trial court erred in refusing mandamus relief turns on the question of whether the dismissed notices of appeal filed by Appellants from the June 7, 2011 order can be characterized as properly filed direct appeals, the dismissal of which is subject to a direct appeal. See *American Medical Security Group v. Parker*, supra. This issue necessarily depends on whether the orders entered on May 22, 2008 and July 20, 2010 were final judgments within the meaning of OCGA § 5-6-34 (a) (1) requiring an appeal to be filed within 30 days after entry pursuant to OCGA § 5-6-38 (a), thereby rendering the June 7, 2011 order an award of post-judgment attorney fees requiring a discretionary application for appellate review. See OCGA § 5-6-35 (a) (10).

The present case involves multiple claims and multiple parties, and therefore, according to OCGA § 9-11-54 (b),

> the court may direct the entry of a final judgment as to one
> or more but fewer than all of the claims or parties only upon

an express determination that there is no just reason for delay and upon an express direction for the entry of judgment. In the absence of such determination and direction, any order or other form of decision, however designated, which adjudicates fewer than all the claims or the rights and liabilities of fewer than all the parties shall not terminate the action as to any of the claims or parties. . . .

The May 22, 2008 order left two issues unresolved. First, in that order, Judge Stephens expressly recognized that a final accounting of the trust was still pending, and he also provided a ten-day time period after such accounting for any party in the case to file an objection. The fact that a final accounting of the estate was pending was sufficient alone to render that order interlocutory. See *Bandy v. Elmo*, 280 Ga. 221 (626 SE2d 505) (2006); *In re Estate of Sims*, 246 Ga. App. 451, 453 (540 SE2d 650) (2000). Second, Judge Stephens reserved in the May 22, 2008 order the determination of the amount of attorney fees to be assessed against Maria White, and as "that claim remain[ed] pending in the trial court, the order is not a final judgment within the meaning of OCGA § 5-6-34 (a) (1). [Cits.]" *CitiFinancial Services v. Holland*, 310 Ga. App. 480, 481 (713 SE2d 678) (2011). See also *Miller v. Miller*, 288 Ga. 274, 282 (4) (705 SE2d 839) (2010); *Kautter v. Kautter*, 286 Ga. 16 (685 SE2d 266) (2009); *Northen v. Mary Anne Frolick & Assoc.*, 235 Ga. App. 804, 806 (1) (510 SE2d 122) (1998). The attorney fees issue was still pending after entry of the July 20, 2010 order which held that Robert E. White lacked standing to object to the accounting. Therefore, neither the May 22, 2008 order nor the July 20, 2010 order may be considered final pursuant to OCGA § 9-11-54 (b), due to the fact that one or more claims remained pending.

Moreover, Judge Stephens, in the May 22, 2008 order, made an express determination pursuant to OCGA § 9-11-54 (b) that there was no just reason for delay and entered final judgment as to the ruling that Maria White's liens and claims are null and void. As Appellants emphasize, if the May 22, 2008 order was to be final in its entirety, then Judge Stephens would have had no reason to make this express determination of finality for that one ruling. In addition, he did not make such an express determination with respect to any of the other holdings in that order. Therefore, it appears that Judge Stephens considered the May 22, 2008 order interlocutory when it was issued. With regard to the July 20, 2010 order, Judge Stephens emphasizes that the order was entitled "Final Order and Judgment." However, this fact is not dispositive, as "the mere designation of a judgment as 'final' is not controlling. [Cit.]" *Hadid v. Beals*, 233 Ga. App. 5, 6 (502 SE2d 798) (1998). See also *In re Estate of Sims*, supra

at 452. Furthermore, the titling of an order as final does not equate to an express determination that there was no just reason for delay and an express direction for the entry of final judgment under OCGA § 9-11-54 (b). *Rhymes v. East Atlanta Church of God*, 284 Ga. 145, 146 (663 SE2d 670) (2008).

Judge Stephens submits multiple contentions as to why the May 22, 2008 and July 20, 2010 orders should be considered final judgments. He first contends that since the issue of attorney fees only involved Maria White and that she is not a party to this appeal, the fact that the attorney fees issue was reserved should not affect when Appellants must file an appeal. However, OCGA § 9-11-54 (b) explicitly states that an order is not a final judgment if any rights or liabilities for *any* party remain. Judge Stephens also claims that since the actual issue of whether attorney fees would be assessed was resolved in the May 22, 2008 order with only the amount of attorney fees reserved for a later date, then the order should be considered a final judgment as the primary question regarding attorney fees was no longer pending. That circumstance is analogous to those cases in which the liability of a party has been determined but the amount of damages to be assessed remains pending. A judgment that reserves the calculation of the amount of damages is considered interlocutory in nature and does not become final until the amount is determined. See *Jones v. Singleton*, 253 Ga. 41, 42 (2) (316 SE2d 154) (1984); *Underwood v. Dunn*, 215 Ga. App. 252 (451 SE2d 129) (1994); *Henderson v. Smith*, 177 Ga. App. 89, 90 (338 SE2d 520) (1985); *Vintage Enterprises v. Powers*, 175 Ga. App. 785 (334 SE2d 383) (1985). Judge Stephens also cites many cases which hold that attorney fees awarded pursuant to OCGA § 9-15-14 are "procedurally ancillary and post-judgment" and thus do not affect whether a judgment is final. *Hallman v. Emory University*, 225 Ga. App. 247, 248 (483 SE2d 362) (1997). However, a review of the record confirms that the trial court awarded attorney fees pursuant to OCGA § 13-6-11, which were specially pleaded for by Ms. Call in her complaint. Awards of attorney fees under the aegis of OCGA § 13-6-11

apply to conduct "aris(ing) from the transaction underlying the cause of action in litigation. (Cits.)" [Cit.] Conversely, OCGA § 9-15-14 (a), (b), . . . has been interpreted to govern conduct occurring during the litigation. [Cit.]

*Stone v. King*, 196 Ga. App. 251, 253 (3) (396 SE2d 45) (1990). Thus, while an attorney fees award pursuant to OCGA § 9-15-14 may be considered ancillary and post-judgment, an award of attorney fees under OCGA § 13-6-11, as in the present case, is considered part of

the underlying case. Therefore, if the judgment reserves the issue of attorney fees under OCGA § 13-6-11, then one cannot claim that "the case is no longer pending in the court below" as required by OCGA § 5-6-34 (a) (1). Finally, Judge Stephens argues that, even if the two orders are considered interlocutory, any issue ruled upon in those two orders has res judicata effect due to the fact that Robert E. White filed an untimely notice of appeal from the May 22, 2008 order that was subsequently dismissed by this Court and a notice of appeal from the June 20, 2010 order that was subsequently withdrawn. However, a "defective attempt to seek interlocutory review pursuant to OCGA § 5-6-34 (b) does not have the effect of making the judgment appealed from res judicata of the issue. [Cit.]" *Mitchell v. Oliver*, 254 Ga 112, 114 (1) (327 SE2d 216) (1985). See also *Canoeside Properties v. Livsey*, 277 Ga. 425, 427 (1) (589 SE2d 116) (2003). Therefore, the prior notices of appeal filed by Robert E. White were simply defective attempts to seek review of interlocutory orders and thus did not foreclose the right to pursue future appellate review of these orders.

It is clear from the discussion above that the orders entered on May 22, 2008 and July 20, 2010 were not final judgments within the meaning of OCGA § 5-6-34 (a) (1), and thus Appellants were not required to appeal from the rulings within 30 days after entry in order to preserve their right to pursue appellate review. Therefore, the next issue is whether the June 7, 2011 order is one which is directly appealable under OCGA § 5-6-34 (a) (1). This order, which was issued after the accounting of the trust, settled the remaining issue with regard to the amount of attorney fees owed by Maria White. As no claims remain and "the case is no longer pending in the court below," the June 7, 2011 order is a final judgment as contemplated by OCGA § 5-6-34 (a) (1), and thus a direct appeal is appropriate. Moreover, "when a direct appeal is taken, any other judgments, rulings or orders rendered in the case and which may affect the proceedings below may be raised on appeal and reviewed and determined by the appellate court." *Southeast Ceramics v. Klem*, 246 Ga. 294, 295 (1) (271 SE2d 199) (1980). Therefore, Appellants may raise any issues in the direct appeal from the June 7, 2011 order that were ruled upon in all previous non-final orders, including the May 22, 2008 and the July 20, 2010 orders. Finally, the notices of appeal from the June 7, 2011 order were filed by Appellants on June 24 and 30, 2011, and thus were timely and proper. As stated above, "a trial court's order dismissing a properly filed direct appeal is itself subject to a direct appeal. [Cit.]" *American Medical Security Group v. Parker*, supra. Therefore, Judge Stephens erred when he refused permission for Appellants to file a notice of direct appeal from the September 14, 2011 order dismissing the timely-filed direct appeals, and he did not have the discretion to

deny such permission. See OCGA § 5-6-48 (b), (c) (instances when a trial court may dismiss an appeal); *Castleberry's Food Co. v. Smith*, 205 Ga. App. 859, 860 (1) (424 SE2d 33) (1992).

Consequently, Appellants have shown that they have a clear legal right to file a direct appeal from the order dismissing their properly filed direct appeals from the June 7, 2011 order and that granting mandamus relief would not be nugatory because the notices of appeal from the June 7, 2011 order were proper and valid. However, in order for mandamus relief to be granted, Appellants must also show that they have no alternative adequate remedy at law. *Hall v. Nelson*, 282 Ga. 441, 443 (3) (651 SE2d 72) (2007). A party who seeks a review of the dismissal of a notice of appeal is permitted to file a direct appeal. *American Medical Security Group v. Parker*, supra. In the present case, however, Judge Stephens has denied permission to Appellants for them to file such an appeal. Therefore, as Appellants were unable to obtain "judicial review of the judicial act in question, this case presents the unusual situation where mandamus is a viable means of seeking review of a judicial action. [Cit.]" *Zepp v. Brannen*, 283 Ga. 395, 396, fn. 1 (658 SE2d 567) (2008). Thus, the trial court erred in denying the mandamus petition, and we direct the trial court to issue the mandamus to compel Judge Stephens to give permission to Appellants to file notices of appeal from the September 14, 2011 order dismissing their timely-filed direct appeals.

*Judgment reversed and case remanded with direction. All the Justices concur.*

DECIDED MAY 7, 2012.

*Susanne F. Burton, Gary Gerrard*, for appellants.

*Samuel S. Olens, Attorney General, Dennis R. Dunn, Deputy Attorney General, Russell D. Willard, Stefan E. Ritter, Senior Assistant Attorneys General*, for appellee.