# Court of Appeals
# of the State of Georgia

ATLANTA,   April 18, 2016

*The Court of Appeals hereby passes the following order:*

## A16D0312. BATASKI BAILEY v. WELLS FARGO BANK, N. A.

From the limited application material supplied, it appears that Wells Fargo obtained an arbitration award against Bataski Bailey in the amount of $17,808.43. Wells Fargo petitioned the superior court to confirm the award. The trial court granted the petition, and Bailey filed a notice of appeal from this ruling. The trial court thus entered an order requiring Bailey to post a supersedeas bond.

Bailey challenged the trial court's order requiring him to post the supersedeas bond, and he sought to proceed in forma pauperis. On February 25, 2016, the trial court struck Bailey's pauper's affidavit and dismissed his appeal based upon his failure to pay costs. Bailey seeks discretionary review of this ruling.

A trial court's order dismissing a properly filed direct appeal is itself subject to a direct appeal. See *Sotter v. Stephens*, 291 Ga. 79, 81 (727 SE2d 484) (2012), citing *American Medical Security Group v. Parker*, 284 Ga. 102, 103 (2) (663 SE2d 697) (2008). We will grant an otherwise timely discretionary application if the lower court's order is subject to direct appeal. See OCGA § 5-6-35 (j). Accordingly, this application is hereby GRANTED. Bailey shall have ten days from the date of this order to file a notice of appeal with the trial court. If, however, he has already filed a notice of appeal from the order at issue, he need not file a second notice. The clerk of the trial court is DIRECTED to include a copy of this order in the record transmitted to the Court of Appeals.



*Court of Appeals of the State of Georgia*
*Clerk's Office, Atlanta,* ____04/18/2016____
*I certify that the above is a true extract from*
the minutes of the Court of Appeals of Georgia.
*Witness my signature and the seal of said court*
hereto affixed the day and year last above written.

_____*Stephen E. Castlen*_____ *, Clerk.*