# Court of Appeals
# of the State of Georgia

ATLANTA,    July 06, 2016

*The Court of Appeals hereby passes the following order:*

**A16A0260. IN RE: THE ESTATE OF FRED HOWARD BROOKS.**

In this matter involving a dispute over an estate, Charles K. Brooks filed a motion to enforce a settlement agreement. William C. Brooks opposed the motion. Following a hearing, the probate court granted the motion. In its November 24, 2014 order, the probate court noted that Charles K. Brooks had moved for attorney fees, arguing that William C. Brooks had "acted in bad faith, ha[d] been stubbornly litigious and ha[d] caused [him] undue trouble and expense by denying the existence of the settlement agreement." The probate court reserved ruling on the issue of attorney fees. William C. Brooks filed a direct appeal from the probate court's ruling to the Georgia Supreme Court, which then transferred the case to this Court.

"Generally, an order is final and appealable when it leaves no issues remaining to be resolved, constitutes the court's final ruling on the merits of the action, and leaves the parties with no further recourse in the trial court." *Thomas v. Douglas Co.*, 217 Ga. App. 520, 522 (1) (457 SE2d 835) (1995). Here, the probate court reserved ruling on attorney fees, which leaves the case pending below. See *Sotter v. Stephens*, 291 Ga. 79, 83-84 (727 SE2d 484) (2012).[1] The order appealed from is thus non-final,

_____

[1] Charles K. Brooks did not cite any statute in his request for attorney fees, and the probate court did not cite a statute in its order. If attorney fees are sought under OCGA § 9-15-14, a trial court's reservation of the attorney fee issue is final and directly appealable. See *Sotter*, supra, 291 Ga. at 83-84. Here, however, the language used tracks the language of OCGA § 13-6-11, which implies a request under that statute. See *Witty v. McNeal Agency*, 239 Ga. App. 554, 557 (1) (c) (521 SE2d 619) (1999). Therefore, we must treat this as a matter for interlocutory review. An order

and William C. Brooks was required to follow the interlocutory application procedures in OCGA § 5-6-34 (b). See *Northen v. Mary Anne Frolick & Assoc.*, 22, 806 (1) (510 SE2d 122) (1998). His failure to do so deprives this Court of jurisdiction over the appeal, which is hereby DISMISSED.



*Court of Appeals of the State of Georgia*
    *Clerk's Office,*
*Atlanta,*_____07/06/2016_____
    *I certify that the above is a true extract from the minutes of the Court of Appeals of Georgia.*
    *Witness my signature and the seal of said court hereto affixed the day and year last above written.*

_____ , *Clerk.*

---

under OCGA § 13-6-11, including the probate court's order in this case, is non-final and not directly appealable.