**FOURTH DIVISION**
**ELLINGTON, P. J.,**
**BRANCH and MERCIER, JJ.**

**NOTICE: Motions for reconsideration must be** *physically received* **in our clerk's office within ten days of the date of decision to be deemed timely filed.**
**http://www.gaappeals.us/rules**

**September 27, 2016**

# In the Court of Appeals of Georgia

A16A1031. EDOKPOLOR et al v. GRADY MEMORIAL
HOSPITAL CORPORATION et al.

MERCIER, Judge.

Patrick Edokpolor and Linda Patrick (collectively, "Edokpolor") appeal the grant of summary judgment to Grady Memorial Hospital Corporation, Shirley Singh, and Jane Doe (collectively, "Grady") in Edokpolor's wrongful death suit against them in the State Court of Fulton County. Grady has moved this Court to dismiss the appeal, arguing that Edokpolor's notice of appeal was untimely, and that Edokpolor failed to file a brief within 20 days of the docketing of this case. The motion to dismiss is moot with regard to the late filing of Edokpolor's brief, as this Court granted an extension of the filing date. However, as a threshold matter, we examine

the issue of whether Edokpolor's appeal was timely. For the reasons that follow, we grant Grady's motion to dismiss.

Edokpolor filed suit against Grady on July 15, 2010. On May 28, 2013, the trial court granted Edokpolor's motion for an award of expenses incurred in serving Grady Memorial Hospital Corporation, pursuant to OCGA § 9-11-4 (d) (4), and stated that it reserved the issue of the amount of the award of expenses to be determined at a later hearing on Grady's motion to dismiss or for summary judgment. On September 12, 2013, the trial court denied Grady's motion to dismiss or for summary judgment. On October 17, 2013, Grady filed a renewed motion for summary judgment, which the trial court granted on October 7, 2014, on the grounds that "the causation testimony of record is insufficient to create a triable issue of fact." The order appears to refer to the defendants collectively as "Defendant" and states that judgment is entered in favor of "Defendant;" it appears that Singh died before she was served with the complaint. Edokpolor does not contend that the grant of summary judgment applied to fewer than all of the defendants.

On November 6, 2014, the trial court denied Edokpolor's "Emergency Motion for Reconsideration of Order Granting Summary Judgment, and for Suspension of Said Order Pending Reconsideration." The motion is not included in the record

transmitted to this Court. On January 22, 2015, Edokpolor filed in the trial court a motion to revise the order granting summary judgment, arguing, among other things, that the case was still pending because of the unresolved OCGA § 9-11-4 cost award and the trial court therefore could address the substance of the motion for reconsideration, and referred to the earlier motion as "(perhaps erroneously) styled as an emergency motion for reconsideration," arguing that the case was still pending because of the unresolved cost issue, and the court had "the power to address the substance of the motion for reconsideration." In an order entered September 14, 2015, the trial court determined the amount of the award of costs under OCGA § 9-11-4. In the same order, it also determined that its earlier order granting summary judgment on October 7, 2014 was a final judgment, and denied Edokpolor's motion to revise the summary judgment order. Edokpolor filed a notice of appeal on October 14, 2015, stating that he appeals "from the summary judgment dated 10/7/2014, made a final order on 9/14/2015."

On appeal, Edokpolor argues to this Court that the trial court erred in determining that the October 17, 2014 order granting summary judgment was a final judgment. In three other enumerations of error, Edokpolor challenges the trial court's grant of summary judgment to Grady. Grady asserts that the notice of appeal, filed

3

over a year after the order was entered granting summary judgment to Grady, was not timely; Edokpolor argues that the case remained pending until the September 14, 2015 order was entered, and thus the notice of appeal filed within 30 days of that order was timely.

"A notice of appeal shall be filed within 30 days after entry of the appealable decision or judgment complained of." OCGA § 5-6-38 (a). "The time requirement of OCGA § 5-6-38 (a) is jurisdictional, and because of [the appellant's] failure to file a timely notice of appeal, [the] appeal must be dismissed for lack of jurisdiction." *Underwood v. Lanier Home Center*, 239 Ga. App. 282 (521 SE2d 207) (1999); *Brown v. Webb*, 224 Ga. App. 856, 857 (482 SE2d 382) (1997); OCGA § 5-6-48 (b).

An order "constitutes a final judgment within the meaning of OCGA § 5-6-34 (a) (1) where it leaves no issues remaining to be resolved, constitutes the court's final ruling on the merits of the action, and leaves the parties with no further recourse in the trial court." *Forrister v. Manis Lumber Co.*, 232 Ga. App. 370, 371 (1) (501 SE2d 606) (1998) (citation omitted). A motion for reconsideration does not extend the time for filing a notice of appeal. *Underwood*, supra; see *American Flat Glass Distributors, Inc. v. Michael*, 260 Ga. 312 (392 SE2d 855) (1990); OCGA § 5-6-38.

However, "summary judgment orders which do not dispose of the entire case are considered interlocutory and remain within the breast of the court until final judgment is entered. They are subject to revision at any time before final judgment unless the court issues an order 'upon express direction' under OCGA § 9-11-54 (b)." *Bourff v. Green Tree Servicing, LLC*, 321 Ga. App. 320, 322-323 (3) (741 SE2d 175) (2013) (physical precedent only); *Hodges Plumbing & Electric Co. v. ITT Grinnell Co.*, 179 Ga. App. 521, 522 (1) (347 SE2d 257) (1986). In determining whether we have jurisdiction over this case, therefore, we are presented with the issue of whether the entry of summary judgment on October 7, 2014 constituted a final order in this case within the meaning of OCGA § 5-6-34 (a) (1), requiring an appeal to be filed within 30 days, while Edokpolor's motion for costs and fees pursuant to OCGA § 9-11-4 remained pending (as to the amount).

The issue of the finality of a judgment has been considered in connection with pending cost and fee awards pursuant to other statutes. Edokpolor points us to the decision of the Supreme Court of Georgia in *Sotter v. Stephens*, 291 Ga. 79 (727 SE2d 484) (2012). In *Sotter*, a case pertaining to the administration of an estate, the Supreme Court of Georgia examined the timeliness of an appeal by certain parties from certain orders entered in the case, and found that "if judgment reserves the issue

5

of attorney fees under OCGA § 13-6-11, then one cannot claim that 'the case is no longer pending in the court below' as required by OCGA § 5-6-34 (a) (1)." *Sotter*, supra at 83-84. However, the analysis in *Sotter* is counter to Edokpolor's position, because the Supreme Court noted therein that, "while an attorney fees award pursuant to OCGA § 9-15-14 may be considered ancillary and post-judgment, an award of attorney fees under OCGA § 13-6-11 . . . is considered part of the underlying case." Id. Pointing out that the attorney fees awarded to the plaintiff were specially pleaded for in her complaint, the Court also explained that awards of attorney fees pursuant to OCGA § 13-6-11 "apply to conduct 'arising' from the transaction underlying the cause of action in litigation," whereas "OCGA § 9-15-14 . . . has been interpreted to govern conduct occurring during the litigation." *Sotter*, supra at 83. Additionally, the Supreme Court noted that the appealed-from orders in question in *Sotter* were not final, because issues remained to be resolved as to some parties with regard to the underlying claims. *Sotter*, supra at 82.

The award of costs pursuant to OCGA § 9-11-4 (d) (4) arises from a party's conduct during litigation, specifically, non-compliance with a request to waive personal service, rather than from the transaction underlying the cause of action in the case. Therefore, here, where the trial court had entered its summary judgment order

6

concluding the case as to all parties and issues, the fact that the ancillary issue of the cost award under OCGA § 9-11-4 (d) remained pending did not prevent the judgment from being final for purposes of OCGA § 5-6-34 (a) (1) and OCGA § 5-6-38 (a).

The October 17, 2014 judgment order was a final judgment. Inasmuch as this appeal was brought outside of the 30-day time frame from the trial court's entry of judgment and thus was untimely, we grant Grady's motion to dismiss.

*Appeal dismissed. Ellington, P. J., and Branch, J., concur*.