302 Ga. 733
FINAL COPY

S17G0429. EDOKPOLOR et al. v. GRADY MEMORIAL HOSPITAL CORPORATION.

BLACKWELL, Justice.

When a trial court enters a judgment that resolves all of the issues in a case except the amount to be awarded for the expenses of service of process under OCGA § 9-11-4 (d), is the judgment final? In Edokpolor v. Grady Mem. Hosp. Corp., 338 Ga. App. 704 (791 SE2d 589) (2016), the Court of Appeals decided that such a judgment is final. We issued a writ of certiorari to review that decision, and we now reverse.

In 2010, Patrick Edokpolor and Linda Iyahea filed a lawsuit against Grady Memorial Hospital Corporation for the wrongful death of their decedent, Rose Edokpolor. Grady failed to waive formal service of process, and in 2013, the trial court granted a motion under OCGA § 9-11-4 for an award of the expenses that the plaintiffs incurred in perfecting service. The trial court, however, reserved the amount of the award for determination at some later date. In

October 2014, the trial court entered summary judgment in favor of Grady, but it continued to reserve the amount of the expenses of service award. Three months later, the plaintiffs filed a motion to reconsider and modify the summary judgment, asserting that the case was still pending — and the summary judgment was only interlocutory and, therefore, subject to reconsideration and modification — because the award of expenses remained outstanding. In September 2015, the trial court entered an order establishing the amount of the expenses to which the plaintiffs were entitled, but concluding that the summary judgment was final and no longer subject to reconsideration or modification.

The plaintiffs promptly filed a notice of appeal, claiming that the trial court erred when it awarded summary judgment to Grady, and arguing that the summary judgment still was appealable because the expenses award remained outstanding until September 2015. The Court of Appeals disagreed and dismissed the appeal, concluding that the reserved issue about expenses under OCGA § 9-11-4 (d) (4) was "ancillary" to the case and, therefore, the summary judgment was a final judgment that had to be appealed within 30 days. See Edokpolor, 338 Ga. App. at 707. See also OCGA § 5-6-38 (a) ("[a] notice of appeal shall be filed within 30 days after entry of the appealable decision or

2

judgment complained of"). The plaintiffs petitioned this Court for a writ of certiorari, which we granted to consider if the Court of Appeals erred when it determined that the summary judgment was a final judgment.

Under OCGA § 5-6-34 (a) (1), appeals may be taken within 30 days from "[a]ll final judgments, that is to say, where the case is no longer pending in the court below," except in certain cases not applicable here and as described in OCGA § 5-6-35. The failure to timely appeal from a final judgment ordinarily forfeits the right of appellate review. See Jordan v. Caldwell, 229 Ga. 343, 344 (191 SE2d 530) (1972). The question here is whether the summary judgment was a final judgment or whether the case instead remained pending in the trial court until the expenses award was finally determined.

In Sotter v. Stephens, 291 Ga. 79, 84 (727 SE2d 484) (2012), we considered whether a case remained pending in the trial court when that court had explicitly reserved the issue of the amount of attorney fees to be awarded under OCGA § 13-6-11. We concluded that, because the amount of fees was reserved for future determination by the trial court, "one cannot claim that 'the case is no longer pending in the court below' as required by OCGA § 5-6-34 (a) (1)." Id. at 84.

3

Similarly, we have concluded in other appeals that a case remains pending in the trial court where that court has explicitly reserved issues related to costs and attorney fees for future judgment. See Islamkhan v. Khan, 299 Ga. 548, 550 (1) (787 SE2d 731) (2016) ("despite being titled 'Final Order of Divorce,' the trial court's . . . order, which specifically reserved resolution of the attorney fees issue for further order of the court, was not a final judgment"); Jarvis v. Jarvis, 291 Ga. 818, 819 (1) (733 SE2d 747) (2012) ("[b]ecause the trial court reserved the matter of attorney's fees, the final decree of divorce was not a final judgment as of its issuance"); Miller v. Miller, 288 Ga. 274, 282 (4) (705 SE2d 839) (2010) ("[t]here was no final judgment until the reserved issues of attorney fees [sought under both OCGA § 19-6-2 and OCGA § 9-15-14] and guardian ad litem fees were resolved on the day before the clarification order"). Here, the trial court explicitly reserved the final resolution of the motion for expenses under OCGA § 9-11-4 (d), stating that it would conduct a hearing to determine "the reasonable amount of attorney fees expended." Because this reserved issue remained pending at the time the trial court awarded summary judgment to Grady, the summary judgment was not a "final judgment[ ]" under OCGA §

4

5-6-34 (a) (1), and the plaintiffs were not required to bring their appeal within 30 days of that judgment.[1]

In finding that this case did not remain pending in the trial court despite its explicit reservation of the issue of the amount of expenses, the Court of Appeals appears to have been misled by dicta in <u>Sotter</u>, where we said that "an attorney fees award pursuant to OCGA § 9-15-14 may be considered ancillary and post-judgment." <u>Sotter</u>, 291 Ga. at 83. But a claim for attorney fees under that statute may be asserted post-judgment — up to "45 days after the final disposition of the action," OCGA § 9-15-14 (e) — and appeals of awards under OCGA § 9-15-14 are among the exceptions to OCGA § 5-6-34 (a) (1) enumerated in OCGA § 5-6-35 (a), which must be taken by application. In contrast, the motion for expenses of service in this case was made during the pendency of the action and as part of the plaintiffs' then-live litigation against Grady, the resolution of the motion was explicitly reserved by the trial court,

---

[1] It is undisputed that the plaintiffs *could have* immediately appealed the order that granted summary judgment to Grady even though the issue of expenses remained pending. See OCGA § 9-11-56 (h). But this entitlement did not preclude them from waiting to appeal until a final judgment was rendered. See <u>Culwell v. Lomas & Nettleton Co.</u>, 242 Ga. 242, 243 (248 SE2d 641) (1978) ("The party against whom summary judgment was granted may appeal either after the grant of summary judgment or after the rendition of the final judgment.").

5

and the amount of attorney fees remained pending at the time that the trial court awarded summary judgment to Grady. The Court of Appeals erred when it concluded that the pre-judgment filing of a motion under OCGA § 9-11-4 (d) is analogous to a post-judgment filing of a motion for attorney fees under OCGA § 9-15-14. We reverse the dismissal of the plaintiffs' appeal, and we remand this case to the Court of Appeals to determine the merits of the plaintiffs' contention that the trial court erroneously awarded summary judgment to Grady.

Judgment reversed and case remanded with direction. All the Justices concur.

Decided December 11, 2017.

Certiorari to the Court of Appeals of Georgia — 338 Ga. App. 704.

Joseph H. King, Jr., for appellants.

Thomas, Kennedy, Sampson & Tompkins, Jeffrey E. Tompkins, LaTisha D. Jackson, Gerond J. Lawrence, for appellee.