# Court of Appeals
# of the State of Georgia

ATLANTA,  August 28, 2018

*The Court of Appeals hereby passes the following order:*

**A18A2130.  BARTLEY HOMES, INC. v. MBH HOLDINGS, INC.**

MBH Holdings, Inc. ("MBH") filed this action against Bartley Homes, Inc. ("Bartley Homes"), Robert Dean Whigham, and Rachel Marissa Whigham. The trial court entered judgment in favor of MBH on its claims for declaratory judgment and attorney fees, but not for injunctive relief or breach of contract. Bartley Homes then filed this appeal. We, however, lack jurisdiction.

"In a case involving multiple parties or multiple claims, a decision adjudicating fewer than all the claims or the rights and liabilities of less than all the parties is not a final judgment." *Johnson v. Hosp. Corp. of America*, 192 Ga. App. 628, 629 (385 SE2d 731) (1989) (punctuation omitted). Under such circumstances, there must be either an express determination that there is no just reason for delay under OCGA § 9-11-54 (b) or compliance with the interlocutory appeal requirements of OCGA § 5-6-34 (b). See id. "Where neither of these code sections are followed, the appeal is premature and must be dismissed." Id. (punctuation omitted).

The record does not indicate that the trial court directed the entry of judgment under § 9-11-54 (b) or that the court has resolved the claims for injunctive relief or breach of contract. See OCGA § 5-6-34 (a) (1) (appeals may be taken to this Court from "final judgments"); OCGA § 5-6-31 ("the filing with the clerk of a judgment, signed by the judge, constitutes the entry of a judgment within the meaning of this article"). Because this action remains pending below, Bartley Homes was required to use the interlocutory appeal procedures – including obtaining a certificate of immediate review from the trial court – to appeal. See OCGA § 5-6-34 (b); *Boyd v. State*, 191 Ga. App. 435, 435 (383 SE2d 906) (1989). Bartley Homes's failure to do

so deprives us of jurisdiction over this appeal, which is hereby DISMISSED. *See Bailey v. Bailey*, 266 Ga. 832, 833 (471 SE2d 213) (1996). Upon entry of a final order addressing all claims, the appellant may file another appeal. See *Sotter v. Stephens*, 291 Ga. 79, 83-84 (727 SE2d 484) (2012) (no res judicata effect from defective attempt to seek interlocutory review).



*Court of Appeals of the State of Georgia*
    *Clerk's Office, Atlanta,* 08/28/2018
    *I certify that the above is a true extract from the minutes of the Court of Appeals of Georgia.*
    *Witness my signature and the seal of said court hereto affixed the day and year last above written.*



_____ *, Clerk.*