# Court of Appeals
# of the State of Georgia

ATLANTA,  February 23, 2023

*The Court of Appeals hereby passes the following order:*

**A22A1675.  DALJEET SINGH et al. v. ULTRA GROUP OF COMPANIES, INC. et al.**

Appellants Daljeet Singh and Raina Brothers, LLC filed this direct appeal to challenge an order entered against them by the superior court in their certiorari case. We, however, lack jurisdiction.

Under OCGA § 5-6-34 (a) (1), appeals generally may be taken from "[a]ll final judgments, that is to say, where the case is no longer pending in the court below." "Generally, an order is final and appealable when it leaves no issues remaining to be resolved, constitutes the court's final ruling on the merits of the action, and leaves the parties with no further recourse in the trial court." *Thomas v. Douglas Co.*, 217 Ga. App. 520, 522 (1) (457 SE2d 835) (1995).  In the order at issue here, the trial court expressly reserved its ruling on a request for attorney's fees pursuant to OCGA § 9-15-14, stating further that a hearing on attorney fees would be scheduled later. Therefore, this order is not final.  See *Miller v. Miller*, 288 Ga. 274, 282 (4) (705 SE2d 839) (2010) ("There was no final judgment until the reserved issues of attorney fees [sought under both OCGA § 19-6-2 and OCGA § 9-15-14] . . . were resolved[.]), cited in *Edokpolor v. Grady Mem. Hosp. Corp.*, 302 Ga. 733, 735 (808 SE2d 653) (2017) (noting that "a case remains pending in the trial court where that court has explicitly reserved issues related to costs and attorney fees for future judgment"; and further contrasting a motion for expenses "made during the pendency of the action" from a post-judgment filing); *Woodruff v. Choate*, 334 Ga. App. 574, 576 (1) (a) (780

1

SE2d 25) (2015) (noting that an order reserving the issue of attorney fees under OCGA § 9-15-14 and OCGA § 19-9-3 was not a final judgment because it did not adjudicate all the pending claims).

Because the order appealed from is thus not final, Appellants were required to follow the interlocutory application procedures in OCGA § 5-6-34 (b). See *Miller v. Miller*, 282 Ga. 164, 165 (646 SE2d 469) (2007); *CitiFinancial Svcs. v. Holland*, 310 Ga. App. 480, 481 (713 SE2d 678) (2011). Their failure to do so deprives this Court of jurisdiction over the appeal, which is hereby DISMISSED.



*Court of Appeals of the State of Georgia*
  *Clerk's Office, Atlanta,* __02/23/2023_____

  *I certify that the above is a true extract from the minutes of the Court of Appeals of Georgia.*

  *Witness my signature and the seal of said court hereto affixed the day and year last above written.*

_____ *, Clerk.*

2