**FIRST DIVISION
BARNES, P. J.,
BROWN and HODGES, JJ.**

**NOTICE: Motions for reconsideration must be *physically received* in our clerk's office within ten days of the date of decision to be deemed timely filed.
https://www.gaappeals.us/rules**

**March 14, 2023**

# In the Court of Appeals of Georgia

A22A1643. LUCKY FORTUNE, LLC v. GEORGIA LOTTERY CORP. et al.

HODGES, Judge.

In this action between two vendors concerning placement of coin-operated amusement machines ("COAMs"), Lucky Fortune, LLC appeals from an order of the Superior Court of Fulton County dismissing its petition for certiorari following an agency decision by the Georgia Lottery Corporation (the "GLC"). Lucky Fortune contends that the trial court erred in finding that its administrative appeal from a hearing officer to the GLC chief executive officer was untimely. Finding no error, we affirm.

In a superior court's review of the decision of the GLC chief executive officer, "the chief executive officer's legal conclusions shall not be set aside unless there is

an error of law." *Ultra Group of Cos. v. S & A 1488 Mgmt.*, 357 Ga. App. 757, 758-759 (849 SE2d 531) (2020); see also OCGA §§ 50-27-76 (b), 50-27-102 (d) (5). "When this Court reviews a superior court's order in an administrative proceeding, our duty is not to review whether the record supports the superior court's decision but whether the record supports the final decision of the administrative body." (Citation and punctuation omitted.) *Ultra Group of Cos.*, 357 Ga. App. at 759.

So viewed, the record indicates that the predecessor in interest for Lucky Fortune and Deltaone, LLC entered into a "Location Rental Agreement" to place a COAM in Deltaone's Atlanta gas station in 2013. In November 2020, Deltaone notified Lucky Fortune of its intention to terminate the location agreement, although Lucky Fortune claimed it never received the notice. Thereafter, Lucky Fortune certified to the GLC that there was a dispute between the parties concerning the COAM, and the GLC referred the parties to arbitration and appointed a hearing officer as required by law. See OCGA § 50-27-102 (d) (1). A hearing officer entered an order essentially granting Deltaone's motion for judgment on the pleadings or, in the alternative, motion for summary judgment on September 16, 2021, finding that

> [t]here is no current, enforceable written agreement for the operation of COAMs at [Deltaone's] location. [Deltaone] may begin the process of

2

decommissioning [Lucky Fortune's] COAMs at the location in question in the manner required by GLC rules and regulations.

The hearing officer's order left open the issue of attorney fees and established a schedule for submitting argument and supporting materials on that singular issue.

On September 27, 2021, Lucky Fortune filed a motion for reconsideration of the September 16 order with the hearing officer, which the hearing officer denied in an October 13, 2021 order. Of particular relevance, the hearing officer acknowledged that he had granted Deltaone's motion for judgment on the pleadings or, in the alternative, motion for summary judgment in the September 16 order, but added that the September 16 order "was not a final Executive Order, as disputed issues remained pending before the Hearing Officer for determination[;]" the only disputed issue identified by the hearing officer was that "parties had not submitted evidence and argument regarding . . . [Deltaone's] attorney's fees claim." In conclusion, the hearing officer's October 13, 2021 order stated that it "shall be deemed a 'Final Executive Order' for all purposes including, without limitation, the triggering of any appellate time computation." Lucky Fortune's administrative appeal to the GLC chief executive

officer was denied due to inaction,[1] and Lucky Fortune then petitioned for certiorari in the trial court.

Deltaone moved to dismiss Lucky Fortune's petition, asserting that Lucky Fortune failed to timely pursue an administrative appeal through the GLC because its motion for reconsideration, filed with the hearing officer, did not toll the time for filing an appeal to the GLC chief executive officer. The trial court agreed and dismissed Lucky Fortune's petition, and this appeal followed.

In a single enumeration of error, Lucky Fortune contends that the trial court erred in finding that its administrative appeal to the GLC chief executive officer was untimely. Resolution of this question requires that we decide whether Lucky Fortune could appeal, and needed to appeal, the hearing officer's September 16, 2021 order. For the following reasons, we conclude that the September 16 order was appealable, and that Lucky Fortune failed to timely file an administrative appeal from that order.

---

[1] See GLC Rule ("RU") 13.2.5 (1) (b) (4) ("After due consideration and as soon as practicable, the President/CEO or his/her designee shall either grant or deny the Motion for Review. For purposes of this Section, a Motion for Review shall be deemed denied if the President/CEO or his/her designee fails to provide a decision to either grant or deny the Motion of Review within 30 days from receipt of the Motion for Review."). This rule, and all other rules cited herein, are publically available at https://www.gacoam.com/Documents (COAM Laws, Rules & Regulations) (last visited February 13, 2023).

As we recently noted,

> Georgia courts have long recognized that the General Assembly is empowered to enact laws of general application and then delegate to administrative officers or agencies the authority to make rules and regulations necessary to effectuate such laws. In this connection, . . . GLC has the power to approve hearing and appeal procedures, including an exhaustion requirement.

(Citation and punctuation omitted.) *Amazing Amusements Group v. Wilson*, 353 Ga. App. 256, 261-262 (835 SE2d 781) (2019). Relevant to this case, GLC Rule ("RU") 13.2 governs administrative hearings held by the GLC concerning COAMs. See GLC RU 13.2.1 (1); see also OCGA § 50-27-74 (c). Once an administrative hearing has occurred, the hearing officer, "[a]s soon as possible after the close of [the] hearing, . . . shall issue an Executive Order (the "Order") in the case and forward that Order to the GLC for service and execution." RU 13.2.4 (1). The unsuccessful party may then pursue the GLC's two-step appeal procedure, the first step of which provides that

> [a] licensee or former licensee who is aggrieved by the Order entered by a Hearing Officer appointed under OCGA § 50-27-102 (d), may appeal by filing a Request for Reconsideration *with the Chief Executive Officer* or his or her designee no later than ten (10) days after receipt of the Order.

(Emphasis supplied.) RU 13.2.5 (1) (a) (3); see also OCGA §§ 50-27-75 (a), 50-27-102 (d) (5) ("The decision of the hearing officer may be appealed to the chief executive officer or his or her designee."). The second step of the procedure to appeal "an Order entered by a Hearing Officer appointed under OCGA § 50-27-102 (d)" requires the aggrieved party "to file with the President/CEO a written Motion for Review" within ten days of the hearing officer's order.[2] RU 13.2.5 (1) (b) (1) (B).

At the first step of the appeal procedure, then, an aggrieved party may appeal an order entered by a hearing officer appointed pursuant to OCGA § 50-27-102 (d) by "filing a Request for Reconsideration with the Chief Executive Officer or his or her designee. . . ." RU 13.2.5 (1) (a) (3). In contrast, RU 13.2.5 (1) (a) (1) allows for the filing of "a Request for Reconsideration with *the Hearing Officer*" when the order being challenged is "*other than* an Order entered by a Hearing Officer appointed under OCGA § 50-27-102 (d)[.]" (Emphasis supplied.) Therefore, when read in concert, these provisions make clear that no request for reconsideration to the hearing

_____

[2] A plain reading of both RU 13.2.5 (1) (a) (3) ("filing a Request for Reconsideration with the Chief Executive Officer or his or her designee") and RU 13.2.5 (1) (b) (1) (B) ("file with the President/CEO a written Motion for Review") reveals that both steps of the appeal procedure to challenge the order of a hearing officer appointed pursuant to OCGA § 50-27-102 (d) involve pleadings filed with the GLC chief executive officer. Neither party has addressed this anomaly (or even whether it is an anomaly), and we need not address it to resolve this appeal.

6

officer is contemplated when the hearing officer has been appointed pursuant to OCGA § 50-27-102 (d), as was the case here. Moreover, there is no provision in the GLC's rules limiting the type of order from which an appeal may be filed. See RU 13.2.5 (1) (a) (3). Even so, there is no provision in the GLC's rules, nor does Georgia law generally provide, that the time for filing an appeal from an adverse judgment is tolled by a motion for reconsideration. Cf. *Harned v. Piedmont Healthcare Foundation*, 356 Ga. App. 870, 872 (849 SE2d 726) (2020) ("It is well settled that motions for reconsideration do not toll the time period for filing a notice of appeal."). Accordingly, to preserve its right to appeal, and notwithstanding any other direction by the hearing officer to the contrary, Lucky Fortune was required to file a "Request for Reconsideration with the Chief Executive Officer or his or her designee no later than ten (10) days after receipt of the [September 16] Order." RU 13.2.5 (1) (a) (3). It was not until October 25, 2021 that Lucky Fortune filed such a request with the GLC chief executive officer. It follows that the trial court correctly held that Lucky Fortune's first-step appeal to the GLC chief executive officer was untimely.[3]

---

[3] In an effort to escape this result, Lucky Fortune characterizes the hearing officer's September 16 order as an "interim order" and states that it "chose not to appeal the Interim Order," but instead chose to appeal "upon entry of the Final Arbitration Order[.]" The parties note that this issue has also been raised in *Singh v. Ultra Group of Cos.*, Case No. A22A1675 (docketed June 30, 2022). Because we

Therefore, we affirm the trial court's order dismissing Lucky Fortune's petition for certiorari.

*Judgment affirmed. Barnes, P. J., and Brown, J., concur.*

---

resolved *Singh* on other grounds, however, we did not reach this issue.

The thrust of Lucky Fortune's argument is, in part, somewhat contradictory — first, that the "interim order" was appealable in its own right (and that Lucky Fortune *could* have appealed from that order, but did not, because it can simply elect when to appeal whatever orders it wishes), and second, that the "final order" was *clearly* appealable because the hearing officer designated it as the "final order." Notably, Lucky Fortune does not argue that the "interim order" was *not* appealable — thereby *necessitating* an appeal only after entry of the "final order." Compare, e.g., *Edokpolor v. Grady Mem. Hosp. Corp.*, 302 Ga. 733, 735 (808 SE2d 653) (2017) ("Here, the trial court explicitly reserved the final resolution of the motion for expenses under OCGA § 9-11-4 (d), stating that it would conduct a hearing to determine 'the reasonable amount of attorney fees expended.' Because this reserved issue remained pending at the time the trial court awarded summary judgment to Grady, the summary judgment was not a 'final judgment' under OCGA § 5-6-34 (a) (1), and the plaintiffs were not required to bring their appeal within 30 days of that judgment.") (punctuation and footnote omitted). In any event, Lucky Fortune's argument fails because there is no parallel to the rule cited in *Edokpolor* contained within the GLC rules which would excuse its failure to timely appeal from the September 16 order. See GLC RU 13.2.5 (1) (a) (3) (noting that appeal must be filed "no later than ten (10) days after receipt of the Order"). Similarly, we would be reading into the rules a form of discretionary appeal procedure, allowing parties to decide for themselves what and when to appeal, that is not present; this, we cannot do. See generally *City of Suwanee v. Padgett*, 364 Ga. App. 34, 36 (2) (873 SE2d 712) (2022) ("We will not read into the statute language that the General Assembly did not include."). Finally, and as we have already noted, we would be endorsing and giving some tolling effect to a motion for reconsideration filed with a hearing officer appointed pursuant to OCGA § 50-27-102 (d), which is not contemplated by the GLC rules.

8