# Court of Appeals
# of the State of Georgia

ATLANTA,  August 05, 2024

*The Court of Appeals hereby passes the following order:*

## A24A1817. ANDY AKIN v. WENDELL HALSELL.

Andy Akin filed a notice of appeal from a trial court order ruling in favor of Wendell Halsell in his action for declaratory and injunctive relief, seeking to enforce the redemption of his home following a tax sale. We, however, lack jurisdiction.

Under OCGA § 5-6-34 (a) (1), appeals may generally be taken from "[a]ll final judgments, that is to say, where the case is no longer pending in the court below[.]" When the case remains pending, the losing party is required to comply with the interlocutory appeal procedures of OCGA § 5-6-34 (b), including obtaining a certificate of immediate review. *Islamkhan v. Khan*, 299 Ga. 548, 551 (2) (787 SE2d 731) (2016). "[I]f the judgment reserves the issue of attorney fees under OCGA § 13-6-11, then one cannot claim that 'the case is no longer pending in the court below' as required by OCGA § 5-6-34 (a) (1)." *Sotter v. Stephens*, 291 Ga. 79, 84 (727 SE2d 484) (2012). See also *Edokpolor v. Grady Mem. Hosp. Corp.*, 302 Ga. 733, 734-735 (808 SE2d 653) (2017) ("[A] case remains pending in the trial court where that court has explicitly reserved issues related to costs and attorney fees for future judgment"); *Barnes v. Barnes*, 361 Ga. App. 279, 281 (864 SE2d 119) (2021) (appealed order was not final when the trial court specifically reserved ruling on claims for attorney fees, and did not limit its consideration to OCGA § 9-15-14).

In this case, the trial court's order reserved the issue of OCGA § 13-6-11

attorney fees and was therefore not a final judgment.[1] Accordingly, Akin was required to comply with the interlocutory appeal procedures to obtain appellate review. See *Islamkhan*, 299 Ga. at 550 (1). Because he failed to do so, this Court lacks jurisdiction over this appeal, which is hereby DISMISSED.



*Court of Appeals of the State of Georgia*
  *Clerk's Office, Atlanta,*   08/05/2024

     *I certify that the above is a true extract from the minutes of the Court of Appeals of Georgia.*

     *Witness my signature and the seal of said court hereto affixed the day and year last above written.*

_____ *, Clerk.*

---

[1] The trial court marked its order a "final order and decree," but "the mere designation of a judgment as 'final' is not controlling." (Citation and punctuation omitted). *Sotter*, 291 Ga. at 82.