# Court of Appeals
# of the State of Georgia

ATLANTA,  June 23, 2025

*The Court of Appeals hereby passes the following order:*

## A25A2003. SHAWN ORTH v. DAISYELI, INC. et al.

Daisyeli, Inc. and Jennifer Luce ("the Plaintiffs") filed a breach of contract action against Lacey & Orth CPA, LLC, and Shawn Orth. The Plaintiffs sought, among other things, payment of all expenses of litigation and attorney fees under OCGA §§ 13-6-11 and OCGA § 9-15-14. On April 10, 2025, following a bench trial, the judge entered judgment, but reserved ruling on the issue of attorney fees, inviting the parties "to submit briefs and any supporting documentation they wish the Court to consider with respect to attorneys' fees within 45 days of this Order." Orth filed a notice of appeal from this ruling. We, however, lack jurisdiction.

Under OCGA §§ 5–6–34 (a) (1) and 5-6-38 (a), appeals may generally be taken within 30 days from "[a]ll final judgments, that is to say, where the case is no longer pending in the court below[.]" When a trial court enters judgment, but reserves ruling on a claim for OCGA § 13-6-11 attorney fees and expenses of litigation, the case is not final within the meaning of OCGA § 5-6-34 (a) (1). See *Sotter v. Stephens*, 291 Ga. 79, 84 (727 SE2d 484) (2012). A different rule applies for attorney fees sought under OCGA § 9-15-14; attorney fees under this statute are considered ancillary and post-judgment and do not affect the finality of the order sought to be appealed. See id; *Hill v. Buttram*, 255 Ga. App. 123, 124 (564 SE2d 531) (2002).

Here, attorney fees were sought under *both* OCGA § 13-6-11 and OCGA § 9-15-14. Where a litigant requests fees and expenses under both statutes during the pendency of litigation — and where a trial court reserves ruling on the request — the case remains pending in the trial court. *Edokpolor v. Grady Mem. Hosp. Corp.*, 302 Ga.

733, 735 (808 SE2d 653) (2017); *Sotter*, 291 Ga. at 84.

Under these circumstances, the April 10 judgment is not final. See *Sotter*, 291 Ga. at 84. Thus, in order to appeal, Orth was required to comply with the interlocutory appeal procedures in OCGA § 5-6-34 (b). See *Miller v. Miller*, 282 Ga. 164, 164-165 (646 SE2d 469) (2007). His failure to do so deprives us of jurisdiction over this appeal, which is hereby DISMISSED.



*Court of Appeals of the State of Georgia*
*Clerk's Office, Atlanta,* 06/23/2025

    *I certify that the above is a true extract from the minutes of the Court of Appeals of Georgia.*

    *Witness my signature and the seal of said court hereto affixed the day and year last above written.*

_____ , *Clerk.*