# Court of Appeals
# of the State of Georgia

ATLANTA,  May 08, 2026

*The Court of Appeals hereby passes the following order:*

**A26A1859. NEW ZION BAPTIST CHURCH OF ATLANTA, INC. et al v. DONALD R. MADDEN.**
**A26A1865. DONALD R. MADDEN v. NEW ZION BAPTIST CHURCH OF ATLANTA, INC. et al.**

On March 2, 2026, the trial court issued an order in which it (1) made findings regarding the ownership of certain real property and provided for the disposition of the property; (2) awarded $25,750 in damages and $1,943.98 in post-judgment interest to the plaintiffs, New Zion Baptist Church of Atlanta, Inc., and Robert Paul Hollman; (3) denied the plaintiffs' other claims; and (4) reserved the determination of pre-judgment interest, gave the parties ten days to provide their calculations for such interest, and stated that it would supplement its order with the correct amount of such interest. On March 24, 2026, the defendant, Donald R. Madden, filed a direct appeal, which has been docketed as Case No. A26A1865. On March 27, 2026, the plaintiffs filed a direct appeal, which has been docketed as Case No. A26A1859. We lack jurisdiction over both appeals, because there is no indication that the trial court has resolved the issue of pre-judgment interest.

As a general rule, a right of direct appeal lies from only a final judgment — that is, where the case is no longer pending below. See OCGA § 5-6-34(a)(1); *Yanes v. Escobar*, 362 Ga. App. 896, 897 (870 SE2d 506) (2022) ("[A]n order is final and appealable when it leaves no issues remaining to be resolved, constitutes the court's final ruling on the merits of the action, and leaves the parties with no further recourse in the trial court."). See also *Sotter v. Stephens*, 291 Ga. 79, 83, (727 SE2d 484) (2012)

("A judgment that reserves the calculation of the amount of damages is considered interlocutory in nature and does not become final until the amount is determined."). For a party to obtain appellate review when the case is still pending below, there must be either an express determination by the trial court that there is no just reason for delay under OCGA § 9-11-54(b) or compliance with the interlocutory appeal requirements of OCGA § 5-6-34(b). *Johnson v. Hosp. Corp. of Am.*, 192 Ga. App. 628, 629 (385 SE2d 731) (1989). Where neither code section is followed, the appeal is premature and must be dismissed. Id.

Here, the issue of pre-judgment interest has yet to be determined, and thus the case remains pending below. Further, the trial court did not direct an entry of judgment under OCGA § 9-11-54(b). Accordingly, the parties were required to comply with the interlocutory appeal procedures of OCGA § 5-6-34(b), including obtaining a certificate of immediate review from the trial court, in order to obtain appellate review. See *Islamkhan v. Khan*, 299 Ga. 548, 551(2) (787 SE2d 731) (2016). The parties' failure to follow the interlocutory appeal procedures deprives us of jurisdiction over these appeals, which are hereby DISMISSED.



Court of Appeals of the State of Georgia
 Clerk's Office, Atlanta,___05/08/2026_____
　　　　　　I certify that the above is a true extract from the minutes of the Court of Appeals of Georgia.
　　　　　　Witness my signature and the seal of said court hereto affixed the day and year last above written.

_____ , Clerk.